## SUPREME COURT.

### WILLIAM RUSSELL agt. ROSWELL S. MEACHAM.

" When the answer of the defendant, *expressly or by not denying*, admits part of the plaintiff's claim to be just, the court on motion, may order such defendant to satisfy that part of the claim, and may enforce the order as it enforces a *judgment or* provisional remedy." (*Code* § 244, *last clause of sub.* 5. *The amendment in* 1857 *of this clause consists in the words in italic.*)

*It seems*, that previous to the amendment of this paragraph in 1857, its provisions had no application to an ordinary action upon contract. The legislature could not have intended to restore, or even authorize imprisonment for the non-payment of a demand, in cases where such imprisonment would have been unauthorized before; or in any way to repeal, limit or qualify the effect of the act which abolishes imprisonment for debt. (*See Lane* agt. *Losee*, 11 *How.* 360.)

But now the court may make an order in the nature of a judgment, and enforce it by execution, or in a proper case, where defendant might be imprisoned on final judgment, may enforce obedience to the order by attachment.

Therefore, *held*, where three distinct causes of action on contract, by three separate counts, were embraced in the plaintiff's claim, and one of them was undefended, not denied, that the plaintiff might have an order to enforce payment of the undisputed demand before the issues upon the other demands were tried.

*It seems*, that where the plaintiff's claim is founded on a single cause of action, the court will not split up the demand by ordering payment of part before judgment.

*Albany Special Term, January,* 1858.

MOTION that defendant be required to pay money admitted to be due.

The complaint contained *three* counts. The *first* count stated that the defendant had hired of the plaintiff a certain store in the city of Albany, for which he agreed to pay a stipulated rent, together with the taxes which should be assessed thereon, and that the defendant had failed to pay such taxes, amounting to $177.84.

The *second* count alleged a subsequent letting of the same premises for another year, commencing on the first day of May, 1857, and that there was due for rent in arrear on the

first day of November, 1857, the sum of $295, which sum, with the interest thereon, still remained unpaid.

The *third* count set forth a note against the defendant and claimed a balance due thereon to the plaintiff.

The defendant put in an answer, in which he denied the allegations in the *first* and *third* counts, but did not controvert any material allegation in the second count.

The plaintiff thereupon moved for an order requiring the defendant to pay the amount of rent as claimed in the *second* count of the complaint with the interest thereon, and the costs of the action, or for judgment for that amount.

S. F. HIGGINS, *for plaintiff.*
H. HARRIS, *for defendant.*

HARRIS, Justice. But for the amendment to the last clause of the 5th subdivision of the 244th section of the Code, adopted in 1857, I should have been inclined to hold with Mr. Justice CLERKE, in *Lane* agt. *Losee*, (11 *How.* 360,) that the provisions of that paragraph had no application to an ordinary action upon contract. I cannot suppose that the legislature intended by such an enactment to restore, or even authorize imprisonment for the non-payment of a demand, in cases where such imprisonment would have been unauthorized before. The provision in question should be so construed as not to repeal or in any way limit or qualify the effect of the act which abolishes imprisonment for debt. Whether or not the order contemplated by this provision shall be made, is, in all cases, a question addressed to the discretion of the court, and in my judgment such an order should never be granted, when its effect might be to imprison the defendant, where he would not have been liable to imprisonment upon a judgment recovered for the same demand.

But the paragraph as now amended, seems to be relieved of this difficulty. The court may now make an order in the nature of a judgment and enforce it by execution, or in a proper case, may enforce obedience to the order by attachment. The

latter remedy is only appropriate where the defendant, upon a final judgment in the same action, would be liable to imprisonment.

In the case now before me, three distinct causes of action are embraced in the plaintiff's claim. One of these is undefended. I can see no more objection in principle against permitting the plaintiff to enforce payment of this undisputed demand before the issues upon the other demands embraced in the complaint are tried, than there would have been if separate actions had been brought for the several demands. Were the plaintiff's claim founded on a single cause of action, I should not in any ordinary case, feel inclined to *split up* the demand by ordering payment of a part before judgment. I do not think the provision in question was intended to apply to such cases.

In this case, an order may be entered requiring the defendant to pay the sums specified in the *second* count of the complaint, with the interest thereon, and that such payment be enforced by execution against the property of the defendant.

The plaintiff has also applied for leave to collect the costs of the action, in addition to the amount admitted to be due, but such costs are only allowed upon the recovery of final judgment. Nor is this a proper case for charging the defendant with the cost of the motion.