SELLERS VS. THE UNION LUMBERING COMPANY.

PRACTICE: JUDGMENT FOR AMOUNT NOT DISPUTED. (1) *No interlocutory judgment.* (2) *Practice under Tay. Stats.,* 1504, § 38; *offer of judgment.* (3) *Judgment improper where plaintiff reserves right to litigate.* (4) *Practice under Tay. Stats.,* 1466, § 22; *no judgment thereunder.* (5) *The case stated.*

1. Under the practice in this state, there is no such thing as an *interlocutory* judgment in a cause; the only judgment authorized being one which finally disposes of the rights of the parties.

2. Under Tay. Stats., 1504, § 38, a defendant may, at any time before trial or verdict, serve on the plaintiff an offer in writing to allow judgment to be taken against him, for the sum or property, or to the effect, therein specified, with costs; and if plaintiff accept the offer and give notice, etc., such judgment is entered, which disposes of the cause.

3. But where plaintiff reserves the right to further litigate some part of the cause of action, a *judgment* is improper.

4. Under Tay. Stats., 1466, § 22, the court may, in its discretion, make an *order* requiring defendant to satisfy that part of plaintiff's claim which his answer, expressly or by not denying, admits to be just; and may enforce such *order* as it enforces a judgment or provisional remedy— by execution, or, in a proper case, by attachment. But the provision does *not*.contemplate the entry of a *judgment*.

5. Plaintiff, by his complaint, claimed judgment against defendant for over $7,000. Defendant, by its answer, claimed offsets against a large part of the sum demanded, but offered and consented that judgment should be taken against it for a certain balance (about $1,000) and costs. Plaintiff replied admitting a part of the counterclaims, and denying the remainder; and he refused to accept defendant's offer, and moved for judgment for the amount admitted by defendant to be due, without prejudice to his right to proceed for the remainder of his claim. Judgment was accordingly rendered in his favor for the amount so admitted, with costs. *Held*, that it must be reversed.

APPEAL from the Circuit Court for *Chippewa* County.

Action to recover a balance due upon account. The case is thus stated by COLE, J :

" The question arising on this appeal is one of practice, and involves a construction of § 22, ch. 129, Tay. Stats. (p. 1466).

" In the complaint the plaintiff claimed judgment against the defendant for $7,781.59. The defendant in its answer set up counterclaims by way of setoff to all the plaintiff's claim except the sum of $921.60, and offered and consented that judgment be entered against it for that amount with interest from a given date, with costs. The plaintiff put in a reply to the answer, admitting a portion of the counterclaims and denying the remainder. The plaintiff refused to accept the offer of the defendant, but served a notice of motion to require the defendant to satisfy the amount admitted to be due, or for leave to enter judgment without prejudice of his right to proceed for the remainder of his claim. Accordingly judgment was entered for the amount admitted to be due and costs; from which judgment this appeal is taken.

" It is attempted to justify the practice of entering judgment under such circumstances by sec. 22, above cited. That section reads as follows : ' When the answer of the defendant expressly, or by not denying, admits part of the plaintiff's claim to be just, the court on motion may order such defendant to satisfy that part of the claim, and may enforce the order as it enforces a judgment or provisional remedy.' "

Sellers vs. The Union Lumbering Company.

*Bingham & Jenkins*, for appellant, contended that the entry of the judgment was contrary to the spirit and letter of the code. The offer made by defendant was based upon Tay. Stats., 1504, § 38. The offer would be insufficient if it involved the necessity of severing the action. *Griffiths v. De Forest*, 16 Abb. Pr., 292 ; *S. C.*, 25 How. Pr., 336. The only judgment permitted by the code is a final determination of the rights of the parties to the action. And a judgment is not final which reserves any question for future consideration and determination by the court. *Belmont v. Ponvert*, 3 Rob., 693, affirmed on p. 698, note. The policy of the code in this respect is, that the judgment shall be final, so that there may be no further litigation. *Tompkins v. Hyatt*, 19 N. Y., 534 ; *Swarthout v. Curtis*, 4 Coms., 416 ; *Hollister Bank v. Vail*, 15 N. Y., 593. A cause can not thus be tried and determined piecemeal. *Chamberlain v. Dempsey*, 15 Abb. Pr., 1 ; *S. C.*, 9 Bosw., 540. The statute under which plaintiff seeks to enforce this remedy (Tay. Stats., 1466, § 22), is only applicable to cases of trustees, and cases where money has been paid into court.

*Wiltse & McRae*, *contra*, argued that the judgment appealed from was authorized by sec. 16, ch. 129, R. S., as amended by ch. 24, Laws of 1869 (Tay. Stats., 1466, § 22). Defendant's offer that judgment might be entered for that amount was an unequivocal admission of the justice of plaintiff's claim to that extent. *Roosevelt v. N. Y. & H. R. R. Co.*, 30 How. Pr., 226. It can work no possible injury to defendant to require its payment, and such payment cannot prejudice plaintiff's right to recover the balance of his demand. *Kortright v. Cady*, 21 N. Y., 343. And it may be enforced upon proper order of court, either for a distinct cause of action set up with others (*Russell v. Meacham*, 16 How. Pr., 193), or for part of a single entire claim. 29 Barb., 199. The practice is well settled under a similar law in New York. See 2 Wait's Pr., 590–595 ; 2 Till. & Shearm. Pr., 319–324.

COLE, J. We do not think the statutory provision relied on by the plaintiff (Tay. Stats., 1466, § 22), authorizes the court to enter a judgment in the cause for the amount admitted to be due, while the plaintiff reserves the right to litigate as to the remainder of his claim. Such a practice involves the inconsistency of entering two judgments in the same cause, a proceeding in violation of the principles of the code. A judgment is there defined to be " the final determination of the rights of the parties to the action " (sec. 28, ch. 132, Tay. Stats.), while every direction of a court made or entered in writing and not included in a judgment is denominated an order (Tay. Stats., ch. 140, § 29). There is no such thing now as an interlocutory judgment in a case ; the only judgment authorized being one that finally disposes of and determines the rights of the parties. *Belmont v. Ponvert*, 3 Robertson, 693. Under § 38, ch. 132, Tay. Stats., the defendant may, at any time before the trial or verdict, serve upon the plaintiff an offer in writing to allow judgment to be taken against him for the sum or property, or to the effect, therein specified, with costs ; and if the plaintiff accept the offer and give notice thereof in writing within ten days, then judgment is entered, which disposes of the cause. Nothing further remains for the consideration of the court, the rights of the parties being finally determined. But when the plaintiff reserves the right to further litigate some part of the cause of action, then a judgment is improper and irregular. The court may, in its discretion, under sec. 22, make an *order* requiring the defendant to satisfy that part of the plaintiff's claim admitted to be just, and may enforce the order as it enforces a judgment or provisional remedy. An execution may doubtless be issued on such an order as upon a final judgment ; and in a *proper case*, obedience to the order may be enforced by attachment. *Russell v. Meacham*, 16 How. Pr., 193. But the entry of a final judgment was not contemplated by this provision.

It is claimed by the counsel for the defendant, that the offer

was made under sec. 38, ch. 132, and that the court could not order the defendant to pay the amount admitted in the answer to be due, reserving to the plaintiff the right to litigate the balance of his claim.    But this position is clearly untenable.    The language of section 22 gives ample power and discretion to the court to enforce by order the payment of the undisputed demand, before the issues on the other causes of action stated in the complaint are tried.    But the payment must be enforced by order, and not by judgment.    The distinction is broad between an *order* and *judgment*, and they are not to be confounded in practice.

As the record in this case shows a final judgment for the amount admitted to be due, and costs, we must hold it irregular and erroneous.

*By the Court.*—The judgment is reversed, and the cause remanded for further proceedings according to law.