## TORMEY vs. GERHART, imp.

PRACTICE: JUDGMENT: ORDER. *(1) What constitutes final judgment in foreclosure. (2, 3) Order to pay deficiency, when to be made under the statute.*

1. Under the code, in an action to foreclose a mortgage, etc., the judgment of foreclosure and sale finally disposes of the controversy on the merits, and is the only judgment in the cause. Any direction of the court in a proceeding subsequent to the judgment, and founded upon it, is an *order*. Tay. Stats., ch. 140, § 29.
2. Ch. 243 of 1862 forbids the court, in a foreclosure suit, to enter an order (improperly called a judgment in that act) for the payment of the deficiency, before the report of sale is confirmed.
3. A judgment of foreclosure and sale which provides that the sheriff shall specify the amount of the deficiency in his report of the sale, "and that the defendants A. and B. pay the same to the plaintiff," *held* erroneous.

APPEAL from the Circuit Court for *Grant* County.

Foreclosure of a mortgage of land. There was judgment of foreclosure and sale, containing also a clause to the effect that if the proceeds of such sale should be insufficient to pay the amount due the plaintiff, the sheriff should specify the amount of such deficiency in his report of sale, and the defendants *John Gerhart* and John Kirk should pay the same. From this part of the judgment *Gerhart* appealed.

The cause was submitted for the appellant on the brief of *Barber & Clementson*, who cited sec. 3, ch. 243, Laws of 1862 (Tay. Stats., 1704, § 12); *Baird v. McConkey*, 20 Wis., 299; *Burdick v. Burdick*, id., 348.

The brief for the respondent is signed by *Bushnell & Clark*, and the cause was argued orally on that side by *A. R. Bushnell*. They contended that in sec. 3, ch. 243 of 1862 (Tay. Stats., 1703–4, § 12), the words "at the time of the confirmation of the sheriff's or referee's report of sale, or at any time thereafter," limit the word "deficiency," and not the words "enter or render a judgment." (1) Because "deficiency" is the nearest antecedent. (2) Because otherwise the clause "for the amount of such deficiency" would have been placed after the next clause, so as to avoid all ambiguity. (3) Because if the words "at the time of the confirmation of the sheriff's or referee's report of sale, *or at any time thereafter*," define the the time of rendering the judgment for deficiency, they authorize such judgment to be rendered in vacation, which would be erroneous. *Burdick v. Burdick*, 20 Wis., 349. (4) Because the last clause, "and *that* such report shall specify," etc., evidently means that the judgment described in this section shall adjudge that the report of sale shall specify the deficiency; and since a judgment rendered after report made could not contain such a provision, the judgment described in the section must be one which precedes the report. 2. Sec. 77, ch. 84, R. S. 1849, gave the judgment for a deficiency in foreclosure. That section was taken from Terr. Stats. 1839, p. 292, § 82; and that from 2 R. S. of N. Y. 1836, 118, § 158. Under this statute it was held in New York that a contingent decree for payment of the deficiency might be made before sale. *McCarthy v. Graham*, 8 Paige, 480; *Bank of Rochester v. Emerson*, 10 id., 115. In New York ever since this statute, and in Wisconsin ever since the organization of the territory, it has been the universal practice to insert in the original judgment of foreclosure a clause relating to a possible defi-

ciency. But the R. S. of 1858 omitted sec. 77, ch. 84, R. S. of 1849; and this court then held that a claim for the deficiency could be joined with the action for foreclosure only where the mortgagor was sole defendant. 14 Wis., 70, 281, 332. Then ch. 243 of 1862 was passed, restoring to the plaintiff in all foreclosure cases the right to recover any deficiency. Counsel then compared the language of the statute of 1849 with that of the law of 1862 on this subject,* and contended that there was far more reason under the former than under the latter for denying the power of the court to include in the original judgment a contingent decree for a deficiency; yet the practice of doing so was universal and undisputed. 2. Counsel also argued that as the complaint was for a judgment both of foreclosure and for any deficiency, and was not objected to on that ground by demurrer or answer, the objection was waived. *Cary v. Wheeler*, 14 Wis., 281; *Jesup v. City Bank of Racine*,

---

*Sec. 77, ch. 84, R. S. of 1849, was in these words: "When a bill shall be filed for the satisfaction of a mortgage, the court shall not only have power to decree and compel the delivery of the possession of the mortgaged premises to the purchaser thereof, but, on the coming in of the report of sale, the court shall also have power to decree and direct the payment by the mortgagor of any balance of the mortgage debt that may remain unsatisfied after a sale of the premises, in the cases in which such balance is recoverable at law; and for that purpose may issue the necessary executions as in other cases against other property of the mortgagor."

Sec. 3, ch. 243 of 1862, provides: "In all such actions now pending in any court, and in which the sheriff's or referee's report of the sale of the mortgaged premises has not been confirmed by an order of said court, and in all actions hereafter commenced for the foreclosure or satisfaction of a mortgage upon real estate, said court may, on motion of the plaintiff therein, in case the moneys arising from the sale of the mortgaged premises shall be insufficient to pay the amount due the plaintiff for principal, interest, costs and expenses of such sale, enter or render a judgment against the defendant or defendants who executed the note, bond or other evidence of debt accompanying the mortgage, for the amount of such deficiency, *at the time of the confirmation of the sheriff's or referee's report of sale, or at any time thereafter;* and that such report shall specify the amount of such deficiency." This provision is here printed as found in Tay. Stats., 1704, § 12.

id., 331; *Baird v. McConkey*, 20 id., 297. The judgment here was therefore good independent of the act of 1862; and there is at least nothing in the act to *prohibit* the entry of such a judgment.

COLE, J. The clause in the judgment which is appealed from is erroneous, within the decisions in *Baird v. McConkey*, 20 Wis., 298, and *Burdick v. Burdick*, id., 349. It is clearly a judgment for a deficiency, according to these decisions, and cannot be regarded as a direction to the effect that, upon confirmation of the report of sale, an order might be entered that the makers of the notes pay the deficiency, and for an execution, etc. Such a clause or direction in a final judgment of foreclosure might be proper enough; it certainly would not be contrary to the rule laid down in the above adjudications. But this is a judgment for the deficiency; and notwithstanding the ingenious argument of the counsel for the plaintiff, who contends for a different construction, the law of 1862 (ch. 243) appears clearly to provide that the court shall not enter an order for the payment of the deficiency until the confirmation of the report of sale. We use the word " *order* " advisedly, though the statute makes use of the word "judgment." Under the code, however, there is properly speaking but one judgment in a cause; in other words, the only judgment authorized is one that finally disposes of and determines the rights of the parties. This is a judgment according to the definition of the code. *Sellers v. The Union Lumbering Co.*, 36 Wis., 398; *Singer v. Heller*, 40 id., 544. The word "judgment," in the law of 1862, is not, therefore, accurately used with reference to the phraseology of the code. That term can only be applied to the judgment of foreclosure, which finally disposes of the cause upon its merits, and settles the rights of the parties to the litigation. On the confirmation of the report of sale, the court can enter an order against the parties personally liable for the amount of the de-

ficiency; and this, under. the classification of the appeal stat-
ute, would be a final order in an action after judgment.

There has been some diversity of judicial opinion as to
what was the final decree in an action of foreclosure. Mr.
Justice STORY, in *Whiting et al. v. The Bank of the United
States*, 13 Pet., 6–15, thus states the question: "Whether
the decree of foreclosure and sale is to be considered as the
final decree in the sense of a court of equity, and the pro-
ceedings on that decree a mere mode of enforcing the rights
of the creditor and for the benefit of the debtor; or whether
the decree is to be deemed final only after the return and con-
firmation of the sale by a decretal order of the court. We
are of opinion that the former is the true view of the matter."
*The Palmyra*, 10 Wheat., 502. Under the code, the judg-
ment of foreclosure and sale finally disposes of the controversy
on the merits, and is the only judgment in the cause. Any
direction of the court in a proceeding subsequent to the judg-
ment, and founded upon it, is denominated an order. Sec. 29,
ch. 140, Tay. Stats.

That part of the judgment appealed from must be re-
versed, and the cause must be remanded for the entry of the
proper judgment of foreclosure.

*By the Court.* — So ordered.

On a motion for a rehearing, respondent's counsel argued
that under the decision here made no "judgment" for a defi-
ciency can be rendered at all, and the deficiency cannot be-
come a lien upon the debtor's real estate, since it is upon the
docketing of a *judgment*, and not of an order, that the stat-
ute (Tay. Stats., 1506, § 44) gives such a lien. A mere judg-
ment of foreclosure does not adjudge that the debtor pay the
amount due upon the note and mortgage. It only determines
the amount due, and adjudges that the mortgaged premises
be sold to pay it. Tay. Stats., 1699, § 1. If it be held to be
a judgment for the amount due, such as can be docketed and

become a lien upon the debtor's real property generally, then plaintiff has already all that he *can* have, and a subsequent order for its payment is superfluous. Certainly the law of 1862 intends that the direction given by the court for the payment of the deficiency shall have all the characteristics and effect of a judgment, which it cannot have unless it is made a *part* of the judgment.

The motion for a rehearing was denied.