E.C. STYBERG ENGINEERING COMPANY, INC., a domestic corporation, Plaintiff-Appellant,

v.

CONSUMER STEEL & SUPPLY COMPANY, a domestic corporation, Defendant-Respondent.

Court of Appeals

*No. 83–1176. Submitted on briefs January 5, 1984.—Decided February 8, 1984.*
(Also reported in 347 N.W.2d 167.)

For the plaintiff-appellant, the cause was submitted on the brief of *Rex Capwell* of *Capwell, Berthelsen, Nolden & Casanova, Ltd.* of Racine.

For the defendant-respondent, the cause was submitted on the brief of *Robert L. Swanson* of *DeMark, Kolbe & Brodek, S.C.* of Racine.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.    This is an appeal by plaintiff E.C. Styberg Engineering Company, Inc. from an order of the trial court which (1) denied reconsideration of Styberg's previous motion for summary judgment and (2) granted judgment to Styberg only on that portion of the claim admitted by defendant Consumer Steel & Supply Company pursuant to sec. 806.03, Stats. Styberg contends the court erred in failing to grant judgment on the entire amount of the claim asserted in its complaint. We conclude the trial court properly denied reconsideration of the summary judgment motion and correctly resolved the admitted claim issue under sec. 806.03 re-

sulting in the entry of a final judgment in favor of Styberg for the portion of the claim admitted by Consumer. We, therefore, affirm the judgment.

For several years, Styberg and Consumer had been operating under an oral agreement whereby Consumer would pick up Styberg's scrap metal and make payment, based upon poundage, within seven days. From November 21, 1981 to March 5, 1982, Consumer became increasingly indebted to Styberg on this account. In August 1982, Styberg commenced this action to collect the moneys allegedly owed by Consumer. Consumer's answer admitted Styberg's claim but alleged "by way of set-off and by way of affirmative defense" a breach by Styberg in failing "to give a timely notice to the defendant prior to the termination of their contract . . . ." Set-off damages in the amount of $7,000 were claimed by Consumer.[1]

Styberg moved for summary judgment. This motion was denied by the trial court on the grounds that a material issue of fact existed concerning the circumstances surrounding the termination of the contract. The trial court also held that Styberg's request constituted an impermissible application for partial summary judgment. Styberg then moved for reconsideration of the summary judgment ruling and also moved, pursuant to sec. 806.03, Stats., for "judgment on an admitted claim and an order to satisfy the judgment on the admitted claim." Following the hearing on these motions, the court entered an order dated February 8, 1983 denying Styberg's motion for summary judgment citing in support its original summary judgment decision. By subsequent order dated April 6, 1983, the court again denied Styberg's motion for reconsideration of the summary judgment ruling but

---

[1] Consumer's failure to plead its set-off as a counterclaim does not alter the fact that part of Styberg's claim was admitted and part contested.

granted judgment to Styberg, pursuant to sec. 806.03, on that portion of the claim admitted by Consumer. Judgment was then entered by the clerk.[2]

## SUMMARY JUDGMENT

Although Styberg appeals from the trial court's denial of the motion for reconsideration of the summary judgment ruling, its brief does not expressly address this issue.

Nonetheless, we are satisfied that the trial court properly denied the initial motion for summary judgment and the reconsideration motion. The affidavit of Ronald Waisman, president of Consumer, states that Styberg's failure to give adequate notice of the termination required Consumer to buy scrap metal from other sources at higher rates and to incur additional handling expenses. Waisman's affidavit also recites that the practice in the scrap metal industry relative to termination of scrap metal agreements was to give thirty days' notice. Styberg contends that a shorter termination notice was reasonable. The trial court saw this as an issue of fact for trial and appropriately denied the motion for summary judgment.

---

[2] The order provides in part:
IT IS FURTHER ORDERED that the motion of the plaintiff for judgment on an admitted claim pursuant to Wisconsin Statutes sec. 806.03 . . . is granted in the amount of $40,297.98, said amount representing the sum of $45,184.74 (monies due from defendant to plaintiff pursuant to defendant's contract with plaintiff and the plaintiff's claim for which the defendant admits), less the $7,000 amount claimed by the defendant for the plaintiff's allegedly deficient pre-termination notice, plus five percent (5%) simple interest computed from March 5, 1982, through March 1, 1983, (the sum of $2,113.24).

## JUDGMENT ON ADMITTED CLAIM
## PURSUANT TO SEC. 806.03, STATS.

The trial court correctly analyzed the two alternatives offered to a plaintiff under sec. 806.03, Stats.

The first sentence of sec. 806.03, Stats., provides as follows:

In an action on an express contract for the recovery of a liquidated sum of money only, if the answer admits any part of the plaintiff's claim or if the answer sets up a counterclaim for an amount less than the plaintiff's claim and contains no other defense to the action, the clerk, on motion of the plaintiff, shall render and enter judgment for the amount so admitted or for the amount claimed in the complaint less the amount of the defendant's counterclaim.

This language contemplates a case in which the answer admits part of the plaintiff's claim or sets up a counterclaim for an amount less than the plaintiff's claim. On motion of the plaintiff, the clerk is required to enter judgment for the admitted amount or for the amount claimed less the counterclaim. The entry of judgment under this language of the statute fully and finally adjudicates the action.[3] *Sellers v. The Union Lumbering Company,* 36 Wis. 398, 401 (1874). For the reasons recited later, we conclude this case is governed by this portion of the statute.

The second sentence of sec. 806.03, Stats., provides as follows:

When the defendant admits part of the plaintiff's claim to be just, the court, on motion, may order the defendant

---

[3] The interpretive commentary to sec. 270.63, Stats. (1955), the forerunner to the present statute, recites "This section is to handle the situation where the plaintiff is willing to take judgment for the amount admitted." Sec. 806.03 Stats. Ann. (West 1977).

to satisfy that part of the claim and may enforce the order as it enforces a judgment or provisional remedy.

This language contemplates a case where a portion of the plaintiff's claim is admitted to be just, and the court in the exercise of its discretion orders the defendant to satisfy that portion of the claim. The court also may direct the enforcement of the order as a "judgment or provisional remedy." Action under this language of the statute does not fully and finally adjudicate the litigation. That portion of the claim not admitted as just remains for trial. *Id.*[4]

In the instant case, Styberg brought a motion for "judgment on an admitted claim and an order to satisfy." From the wording of the motion and the proceedings before the trial court, it appears that neither party perceived the two distinct factual settings which the statute addresses. However, following the trial court's correct analysis of the statute, Styberg's counsel inquired whether he might have forty-eight hours to make an election. Thereafter, the trial court entered an order granting Styberg's motion "for judgment on an admitted claim pursuant to Wisconsin Statutes sec. 806.03 . . . ," and the clerk then entered judgment.

Because it appears that Styberg did not grasp the different options available under the statute, we do not affirm the trial court upon Styberg's denomination of its motion as one for judgment on an admitted claim. Such a ruling would place form over substance. However, here the trial court analyzed the statute and accorded Styberg an election of its remedy. Neither in the request for time to consider an election of remedies un-

---

[4] The interpretive commentary further provides, "If he wants to litigate the part of his claim not admitted an order that the defendant satisfy the part admitted, rather than a judgment, is proper." Sec. 806.03 Stats. Ann. (West 1977).

der the statute nor at any time thereafter did Styberg seek to reserve its right to litigate the remainder of the claim. Therefore, the subsequent order for judgment and entry of judgment by the clerk concluded the litigation by final judgment under the first sentence of sec. 806.03, Stats.

In *Sellers,* the plaintiff did reserve the right to proceed for the remainder of his claim, but the trial court nonetheless entered final judgment. In reversing the trial court, the supreme court discussed the first option under the forerunner of present sec. 806.03, Stats., as follows:

We do not think the statutory provision relied on . . . authorizes the court to enter a judgment in the cause for the amount admitted to be due, *while the plaintiff reserves the right to litigate as to the remainder of his claim.* Such a practice involves the inconsistency of entering two judgments in the same cause, a proceeding in violation of the principles of the code. A judgment is there defined to be "the final determination of the rights of the parties to the action" [statutory citation omitted], while every direction of a court made or entered in writing and not included in a judgment is denominated an order [statutory citation omitted]. *There is no such thing now as an interlocutory judgment in a case; the only judgment authorized being one that finally disposes of and determines the rights of the parties. Belmont v. Ponvert,* 3 Robertson, 693. . . . *Nothing further remains for the consideration of the court, the rights of the parties being finally determined.* [Emphasis added.]

*Sellers,* 36 Wis. at 401. In discussing the second option under the statute, the *Sellers* court said:

But when the plaintiff reserves the right to further litigate some part of the cause of action, then a judgment is improper and irregular. The court may, in its discretion . . . make an *order* requiring the defendant to satisfy that part of the plaintiff's claim admitted to be just, and may enforce the order as it enforces a judgment or

provisional remedy. . . . *But the entry of a final judgment was not contemplated by this provision.*

. . . The distinction is broad between an *order* and *judgment*, and they are not to be confounded in practice. [Emphasis added.]

*Id.* at 401–02.

It appears that Styberg initially confused the concepts of an order and a judgment under the statute. Styberg's confusion should have been eliminated by the trial court's analysis. We conclude that the matter has been fully and completely adjudicated by the clerk's entry of judgment pursuant to the first sentence of sec. 806.03, Stats.

*By the Court.*—Order and judgment affirmed.