Singer vs. Heller.

*By the Court.* — The motion is denied.

SINGER VS. HELLER.

JUDGMENT: *(1) Must be final. (2) Proper form of judgment in suit for dissolution of partnership, etc.*

DISSOLUTION OF PARTNERSHIP: *(3) Decreed for disputes between partners. (4, 5) Remedy of injured party for damages from such dissolution.*

1. Under the code of procedure of this state, the only judgment authorized is one which finally disposes of all the rights of the parties litigated in the action; and there is no such thing as an interlocutory judgment.

2. In an action to dissolve a partnership for dissensions of the partners, there being a counterclaim for damages alleged to have accrued to defendant from plaintiff's misconduct as a partner, the court first made an order or judgment for the dissolution of the partnership, reserving the questions arising upon the counterclaim; and afterwards found that the allegations of the counterclaim were not sustained by the evidence, and rendered judgment thereon against defendant. This latter judgment did not specifically dissolve the partnership, but recited that it appeared by stipulation of the parties that the assets had been divided between them. On appeal by defendant from such last named judgment, neither party objecting to its form, this court treats it as in effect adjudging a dissolution of the partnership, and disposing of all the rights of the parties in the action.

3. Equity will dissolve a partnership when disputes between the parties have become so violent and lasting as to prevent any beneficial effects from its continuance.

4. What remedy an injured partner has, where the misconduct of his co-partner necessitates a dissolution before the time fixed in the contract — whether or not he can recover as damages profits anticipated from the

continuance of the connection, and whether his remedy is at law or in equity, *quære.*

5. It appearing in this case that the necessity for dissolution was caused by the misconduct of both parties, neither can recover as damages any anticipated profits.

APPEAL from the County Court of *Milwaukee* County.

The case is thus stated by Mr. Justice COLE, in his opinion herein as originally prepared:

" This is an action brought for the dissolution of a partnership, on the ground that there was such a disagreement between the partners that it was impracticable to carry on the business of the firm. The plaintiff alleges, in the complaint, that the defendant is responsible for this disagreement which necessitates a dissolution of the partnership. On the other hand, the defendant, as a defense and also by way of counterclaim, charges, in his answer, that the plaintiff has been guilty of gross misconduct about the partnership business; that in the early part of the year 1874, he formed and proceeded to put in execution a scheme for breaking up the partnership, and bringing the same to a termination before the period fixed in the partnership contract; and the defendant claims that he has lost a large amount of profits in consequence of this violation of the articles of copartnership on the part of the plaintiff. On the hearing of the cause upon the pleadings and evidence, the county court found as a matter of fact, that there was such a state of disagreement, dissension, mutual suspicion and distrust between the parties, and that the same was of such a character, as to make it impossible for them to carry on the copartnership business; and thereupon the court ordered or adjudged that the partnership be dissolved, and the assets be converted into money by the partners jointly, or by a receiver to be appointed, in case they could not agree; the court reserving all questions of law or fact arising on the counterclaim for further consideration. This order or judgment was entered on the 25th of March, 1875. On the 5th of May follow-

ing, the court made a finding to the effect that the allegations of misconduct on the part of the plaintiff charged in the counterclaim were not sustained by the evidence, but that it was the conduct of the defendant himself which was the chief cause of all the disagreement, and which rendered a dissolution of the partnership necessary. Accordingly a judgment was rendered against the defendant on his counterclaim; from which this appeal is taken."

Briefs were filed for the appellant by *Winfield Smith*, and for the respondent by *Jenkins, Elliott & Winkler;* and there was oral argument by *Mr. Smith* and *Mr. Winkler*.

COLE, J. On the record in this case, the question presents itself, whether the final judgment was not defective and erroneous for failing to specifically dissolve the partnership. The judgment states, by way of recital, that "judgment dissolving the copartnership having been heretofore rendered reserving the claim for damages," etc., it is adjudged that the said defendant recover nothing of the plaintiff on his counterclaim. The judgment contains a clause stating that it appeared by the stipulation of the parties that the assets of the copartnership had been divided between the parties, thus fully disposing of all the property of the firm, and obviating all necessity for any other or further action of the court upon that subject. But correct practice doubtless required that the partnership should be dissolved in the final judgment, because, under the code of procedure, there is properly speaking no such thing as an interlocutory judgment, the only judgment authorized being one which finally disposes of and determines the rights of the parties. *Sellers v. Union Lumbering Co.*, 36 Wis., 398. The counsel on neither side, however, object to the form of the judgment, but have treated it as one disposing of all of the rights of the parties and practically dissolving the partnership.

Though the judgment does not in express terms decree a

dissolution, and may be informal in that respect, yet it probably should, under the circumstances, be regarded as really adjudging a dissolution. Counsel have seen fit so to treat it; and, from the nature of the actual clauses of the judgment, this may be its necessary effect. At all events, as no objection is taken that the judgment does not in a more positive manner dissolve the partnership, we are disposed to regard it as really amounting to a dissolution, without deciding whether the judgment would be held proper had an objection been taken to it on that ground. It is certainly apparent that there has been a complete division of the effects and assets, and a final winding up of the affairs of the concern. And therefore the judgment may be deemed as substantially adjudging a dissolution, in the form in which it now stands. This brings us to a consideration of the other questions in the case.

The law seems to be well settled, that a court of equity will dissolve a copartnership when the disagreements and disputes between the parties have become so violent and lasting as to prevent any beneficial effects from the continuance of the connection. *Bishop v. Breckles*, 1 Hoff. Ch. R., 534; Collyer on Part., §§ 296 and 297; Story on Part., § 287. The successful management of the business of a copartnership depends so essentially on mutual confidence and harmony of views between the partners, that when these are wanting, coöperation becomes impracticable. In *Bishop v. Breckles*, the assistant vice-chancellor, while observing that it requires more than the mere will of one party to justify a dissolution, still seemed to think that the continuance of the union should not be enforced when dissension had marred all prospect of the advantages contemplated at its formation. And this view is rational and in accordance with legal principles. For it would seem absurd to continue a partnership when it appeared that the parties refused to act together, or permit each other to act separately, in transacting the business of the concern.

What is a proper remedy by the injured party for a viola-

tion of the articles of a copartnership by the other partner, or for rendering a termination necessary before the period prescribed, is quite an interesting question; but one which, from the view we have taken of the case on the merits, we do not find it necessary to decide. The defendant, under his counterclaim, seeks to recover damages in the nature of profits for not continuing the partnership for the time fixed; and he insists that these damages should be assessed or ascertained by a court of equity after dissolution has taken place and all the assets have been divided. Indeed, the cause is retained for the sole purpose of recovering these damages. We do not say that a court of equity, having taken jurisdiction for one purpose, will not retain the cause in order to do complete justice, and assess such damages if the facts seem to warrant its doing so. A court of law would seem to be the more appropriate forum for assessing the damages for a breach of contract; but possibly a court of equity, under some circumstances, will afford the relief. It is proper to remark that the case of *Bagley v. Smith*, 10 N. Y., 489, was an action at law for the breach of a contract to continue the partnership. And the case of *Wilson v. Johnstone*, Law Reports, 16 Equity Cases, 606, to which we were also referred upon this point, was where a partnership was prematurely determined; and the vice-chancellor held that if the incoming partner had paid a premium, he was in all cases entitled to have a proportionate part of the premium returned, unless he had released his right to it, or there had been an actual or implied release of the right to be a partner, including such a deliberate and serious breach of the partnership contract as might be considered equivalent to a repudiation of it altogether. But it is obvious that these cases do not have any very direct bearing upon the question whether the defendant could recover damages by way of anticipated profits for a premature dissolution of the partnership caused by the misconduct of the plaintiff. But we pass the question, as we are satisfied

that the defendant has made out no case for such relief, assuming that he could have it in the action. For, upon the evidence, we are clearly of the opinion that it was not the conduct of the plaintiff alone which caused the disputes and disagreements, but that both parties are equally responsible for that state of feeling. We have reached this conclusion after a careful examination of all the testimony, and upon full consideration of the exhaustive arguments by counsel of the questions of fact. We cannot enter upon a discussion of the evidence upon the point. But we are satisfied that early in the year 1874 there was a feeling of mutual distrust and suspicion existing between the parties, for the existence of which both were measurably responsible. From that time on, they both seemed insensible to their duties and obligations as partners. They refused to act together in purchasing stock for their business, and entirely failed to treat each other in an open, considerate and friendly manner. There was misconduct on both sides, and each deviated far from the course of duty he ought to have pursued towards his partner. This being the case, we do not think that either should recover damages for any profits which would have been realized from the business which was broken up by the fault of both parties.

*By the Court.* — The judgment of the county court is affirmed.