# WILLIAM SMITH *et al.*

## *v.*

# ARCHIBALD RIDDELL.

87   165
72a  534
87   165
88a    4

1. MEASURE OF DAMAGES—*contract of partner to pay debt for which firm property was liable.* Where one partner agrees with his co-partner, who has just acquired an interest in the property used by them as a distillery, to pay a certain tax due the United States, so as to save the property from seizure and sale, and gives personal security for such payment, and afterwards pays such tax out of the partnership funds, charging himself with the amount, the other can not, in an action at law, recover more than nominal damages until the partnership accounts are settled.

2. Where a promissory note is given by one partner, with sureties, to his co-partner, as a guaranty that the interest of the latter in the firm shall not suffer by reason of the failure of the first to pay certain indebtedness for which the firm property is liable, upon breach of the contract the payee of the note can only recover on the note such damages as he has sustained as a partner, and this can not be ascertained in a court of law. A final settlement of the partnership accounts is an essential basis for a measure of damages in such a case.

3. SAME—*in an action upon guaranty to pay.* Where a promissory note is given, absolute on its face, and the payee gives the makers a writing, showing for what the note is given, and providing that on payment of a certain tax by one of the makers the note shall be void, but if the payee has to pay the tax, or is troubled by the same, the note is to be in full force, and the makers agree to pay the same, the measure of damages on a breach of the condition in no event can exceed the tax referred to and interest thereon.

4. CONTRACT—*real intention governs.* Courts look at the substance rather than the form of contracts, and seek for the real intention of the parties, as gathered from all its parts; and this, when ascertained, is the essence of the contract, and to this legal effect is given.

5. SAME—*by one partner to pay tax—what is a performance.* A guaranty that one partner in a distillery shall pay a government tax, and thereby protect the interest of his co-partner in the firm, is not discharged by such partner paying the tax out of the partnership property without the consent of the other, but if it is so paid with his consent, this will be a compliance with the contract.

6. ASSUMPSIT—*nature of the action.* The action of assumpsit is an equitable action, and judgment in such action should be only for the sum which ought to be paid.

7. PLEADING—*pleas setting up condition.* If the defendant sets up a condition to the promise or contract upon which he is sued, which avoids his liability

if kept and performed, he should deny the breach of such condition, or his plea will be bad.

8. SAME—*plea must negative all the grounds of liability.* In an action on a promissory note which is subject to a condition to become void on the payment of a tax by the principal maker, but if the payee has to pay such tax, or is in any way troubled in consequence of such tax, to remain in force, a plea that the payee had not been compelled to pay the tax, and had not paid it, or any part thereof, is bad in not fully negativing the violation of the condition. It should also show that the payee had not been troubled by the tax.

9. PRACTICE—*full defense by one of several defendants.* In a suit against several defendants founded upon contract, if a plea of one presents a complete defense not personal to him alone, no recovery can rightfully be had as to the others; and if the court sustains a demurrer to such plea, and there are no other pleas under which the same facts might be given in defense, the judgment will be reversed as to all the defendants.

APPEAL from the Circuit Court of Livingston county; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. BANGS, SHAW & EDWARDS, for the appellants.

Messrs. BARNES & MUIR, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Riddell, the appellee, brought this action against one Fosbender and appellants, upon a promissory note, in the following form:

"*Lacon, Marshall Co., Ill., Dec.* 12, 1870.

"Sixty days after date, we, or either of us, promise to pay Arch. Riddell forty-eight hundred dollars, at the First National Bank, Lacon, Ill., value received.

"$4800.                                    PHILIP FOSBENDER,
                                           WILLIAM SMITH,
                                           ANDREW SMITH."

Appellee executed and delivered to Fosbender or William Smith a paper, of the same date, describing this note, and saying:

"This note is given to me for the 'capacity tax,' so-called, for the months of October and November, 1870. Now, if said

Philip Fosbender pays said capacity tax, when presented by the United States collector, for said months, then this note to be void; otherwise, if I, Archibald Riddell, have to pay said tax, or be in any way troubled in consequence of the same, this note is to be in full force, and Fosbender and Smiths agree to pay the same.

ARCHIBALD RIDDELL."

Before that time, Fosbender and others had been engaged in the distillery business at Sparland, a few miles from Lacon, and the "capacity tax" spoken of in this paper had reference to such tax upon the property, real and personal, of that firm for those two months. Fosbender had bought out his former partners, assuming the liabilities, and Riddell had or was about to unite with Fosbender as an equal partner in the same business, at the same place, and to that end had bought, or was about to buy, from Fosbender an undivided half of the land and buildings and personal property pertaining to the business, on terms by which Fosbender alone was to pay this tax, which was a lien upon this property, or had become a lien while the property belonged to the old firm. Riddell was not liable for this tax personally, and had no other interest in having it paid except to protect his interest in the real estate so bought from liability to sale for the tax, and to protect the other property of the new firm from seizure on account of this tax.

The note and stipulation, though written on different pieces of paper, plainly constituted but one contract, of which each paper was a part. The real estate, of which one undivided half was conveyed to Riddell by Fosbender, by deed of general warranty, was part of the partnership property, each holding the title of one undivided half thereof, but for the use of the firm. Riddell could not, in any way, be injured or troubled by the non-payment of the tax by Fosbender, except in so far as his interest *as a member of the firm* might be unfavorably affected in consequence of the failure of Fosbender to pay the tax. Fosbender did not pay this tax with

168      SMITH *et al. v.* RIDDELL.      [Sept. T.

Opinion of the Court.

his own private property or money, but did pay the tax with money belonging to the firm, procured by him by the sale of a part of the personal property of the firm. Whether this was or was not an injury to Riddell, depended entirely upon the condition of the relative accounts of the partners with each other, as partners. This could not be definitely determined until those accounts, on settlement of the partnership affairs, were adjusted.

This contract, consisting of the promissory note and the counter part thereof, signed by Riddell, is, in substance, merely a guaranty by the makers of the note (to the amount of the note) given to Riddell, that his interests as a partner in that firm should not suffer by reason of the non-payment of that tax by Fosbender, and upon breach of this contract Riddell could only recover of the makers of the note such damages as he had suffered, as such partner, by reason of the breach of the contract. To recover such damages in a court of law, it was necessary for Riddell to show that his affairs as such partner had been adjusted with Fosbender, and his loss, if any, ascertained. A court of law is not competent under our laws to litigate and settle accounts between partners. Hence, in an action at law, unless the accounts be first settled, plaintiff could only recover nominal damages for a breach of this promise.

Let us suppose that instead of the guaranty against loss on account of this tax, the makers of the note had given to Riddell a guaranty that Fosbender would not appropriate any of the partnership assets to his own use without the express consent of Riddell, and that, in such case, Fosbender, against the express will of Riddell, had appropriated to his own use moneys of the firm, and charged them to himself upon the books. Is it not plain that no measure of damages for this breach of guaranty could be had until the affairs of the partnership should be settled between the partners? If on such settlement it turned out that after the payment of all the partnership debts, and after paying to Riddell his capital invested

and his share of the profits, there was a portion of the assets to which Fosbender was entitled, over and above the amount by him appropriated to his own use, it is manifest in such case Riddell would not be entitled to any damages, because his interest as a partner would not have suffered at all. This shows that a final adjustment of such accounts is an essential basis for a measure of damages.

It is contended that the measure of damages is stipulated to be the amount of the promissory note, and this because there is in the note an absolute promise to pay, and because in the stipulation there is express provision, that if Riddell is in any way troubled in consequence of the tax, the makers of the note "agree to pay the same."

In every bond with conditions, the promise or agreement is equally absolute and express to pay the amount of the bond, upon breach of the condition. The usual conclusion to such bonds is, that "otherwise this bond shall have full force."

The action of assumpsit is an equitable action, and judgment in such action should be entered only for the sum which ought to be paid. Courts look at the substance rather than the form of contracts, and seek for the real intention of the parties, from a consideration of all parts of the contract. The intention thus ascertained is the essence of the contract, and to this legal effect is given.

This is an action of assumpsit, brought by Riddell upon the promissory note alone, and against the makers thereof. Fosbender was not served with process. Each of the appellants pleaded for himself certain special pleas. Neither filed the general issue.

The first plea of each defendant stated, simply, that at the time of making the note, and as part of the same transaction, plaintiff executed the stipulation of the same date set out above, and that hence "the said note was not an absolute note, or an unconditional promise for the payment of the sum of money mentioned," at the time mentioned in the note. These pleas, on general demurrer, were held insufficient, and each of

defendants abided by his plea. This ruling we hold right. Where defendant sets up the conditional character of the promise in a case like the present, he must deny the breach of the condition.

The second plea was like the first, with the additional allegation that Riddell had not been compelled to pay the tax, and had not paid it or any part thereof. This plea is bad. It does not fully negative the violation of the condition of the promise. It does not show that Fosbender had paid the tax or that Riddell had not been troubled thereby.

The fourth plea of Andrew Smith was held bad, on general demurrer. This plea contained the allegations of the first plea, and added allegations that said tax was paid, with the assent of Riddell, out of the assets of the firm of Fosbender and Riddell, and the amount of assets so used in payment were, with Riddell's assent, charged to Fosbender on the firm books, and that plaintiff was not otherwise troubled on account of said tax, and averred that the tax was the debt of Philip Fosbender alone, and defendant signed said note as surety for Fosbender, and received no part of the consideration for said note and stipulation. To this plea we see no objection whatever. The substance of it is, that Fosbender had paid the tax as required by the contract. The fact that the means wherewith he paid the same came from the assets of the firm, can not affect the efficiency of such payment, if, with the assent of Riddell, a charge against Fosbender upon the firm books was accepted in lieu of the assets of the firm so withdrawn. When thus withdrawn, these assets became the property of Fosbender alone, and such payment was a full compliance with the condition of the agreement of the parties, upon which the note was to be void. The demurrer to this plea should have been overruled.

By the demurrer of plaintiff, the truth of this plea was confessed upon the record, and it constituted a full defense to Andrew Smith, and in the condition of this record no judg-

ment could lawfully be entered against either of appellants, unless it could lawfully be rendered against all.

It is insisted, that inasmuch as William Smith pleaded a similar plea on which issue was made and tried and found against him, the error in sustaining this demurrer has not injured the appellants, and hence this judgment ought not to be disturbed on that account. In support of that position, we are referred to the case of *Cooke* v. *Preble*, 80 Ill. 381, where a plea was stricken from the files erroneously, which plea was unnecessary, because pleaded with the general issue, under which the facts in the special plea might lawfully be given in evidence, and where the record showed that such proof was in fact so received, and in which case it was held the judgment ought not to be reversed on that account. This case differs from that, in this: that here, the general issue was not pleaded, nor was there any plea pleaded by Andrew Smith under which the facts stated in this plea could properly be proven. As this record stands, this position of appellee can not be sustained.

Other pleas were passed upon by the circuit court, involving the same questions, but it is not thought necessary to discuss them in detail, as they are governed by the views already expressed in this opinion.

On the trial of this case, the court expressly held that the plaintiff was entitled to recover the whole amount of the note and interest, unless the defendants had proven that Fosbender had paid the tax, and that a payment thereof by Fosbender with the funds of the partnership would constitute no defense, unless it was done with Riddell's consent, given at the time or afterwards, and so instructed the jury. The latter part of this proposition is no doubt sound. Such a payment is equivalent to no payment. It places Riddell in the same position as if the money of the firm, to that extent, had been seized by the officers of the law, and appropriated in that way to the payment of the tax. It undoubtedly constituted a breach of the undertaking, but the measure of damages prescribed by

the circuit court was not the true measure. The damages could, in no case, exceed the amount of the tax and interest thereon; nor could that measure be applied until, by a settlement of the accounts of the partners, the extent of the injury to Riddell had been ascertained.

For the errors indicated, the judgment must be reversed, and the cause remanded for further proceedings in accord with the views here expressed.

*Judgment reversed.*

Mr. JUSTICE SHELDON dissents as to the holding that nothing more than nominal damages could be recovered.