EDWARD G. BOWZER

*v.*

MARY E. STOUGHTON, Admx.

*Filed at Ottawa November 13, 1886.*

1. PARTNERSHIP—*remedy as between partners—whether at law or in equity.* Where the affairs of a partnership firm have not been settled and a balance struck between its members, no action at law can be maintained by one member of the firm against another. The remedy in such case is in equity, to obtain a settlement of the accounts of the firm.

2. SAME—*unsettled claim of one partner against the estate of a deceased partner.* It is a good defence to a claim filed against an estate of a deceased person, that its items grew out of a partnership between the claimant and the intestate, which is still unsettled.

3. Evidence—*as tending to prove a partnership—stubs in check book.*
Where the items of an account filed against an estate are claimed to arise out
of a partnership between the claimant and the intestate, the stubs on the
check book, in connection with the checks showing that the claimant had
received money on them, are properly admissible, in connection with other
evidence, as tending to prove that the claimant's demands are unsettled part-
nership matters.

Writ of Error to the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Circuit Court
of Cook county; the Hon. John G. Rogers, Judge, presiding.

Mr. C. C. Bonney, for the plaintiff in error.

Messrs. Swett, Grosscup & Swett, for the defendant in
error.

Per Curiam: This was a claim presented to the probate
court of Cook county, by Edward G. Bowzer, against the estate
of C. H. Crowell, deceased. The claim, as originally presented,
was as follows:

"*Chas. H. Crowell, in account with Edward Geo. Bowzer:*
May 21, 1879, bal. due on account stated -   -   $1230.06
Cr. by cash at sundry times -   -   -   -   44.00

    Balance   -   -   -   -   -   -   -   $1186.06
"Interest to be added."

Under an order of the probate court, granting leave, an
amended claim was filed January 25, 1883, as follows:

"The plaintiff claims that at the times below named, he
advanced to Charles H. Crowell, deceased, the sums of money
below stated:   August 14, 1878, $150; August 30, 1878,
$150; September 19, 1878, $176.25; October 14, 1878, $150;
October 14, 1878, $50; November 29, 1878, $750,—total,
$1426.25.   And that on the 21st day of May, 1879, there
remained due to him from said Crowell the sum of $1230.06,
since which date he has received the sum of $44. And he
also claims interest on said advances."

Upon the evidence introduced in support of the demand, in the probate court, an order was entered rejecting the claim. The claimant appealed to the circuit court, where, on a trial before a jury, he was again defeated, and judgment rendered against him for costs. To reverse this judgment, he appealed to the Appellate Court, where the judgment of the circuit court was affirmed.

On the trial in the circuit court, the plaintiff introduced evidence tending to establish that he had advanced to Crowell, in his lifetime, the various sums of money contained in the account. In defence of the claim made by the plaintiff, the defendant introduced evidence tending to show that the transactions specified in the plaintiff's account, arose out of a partnership existing between the plaintiff and the deceased, which was then unsettled between the partners. The rule is established, that where the affairs of a firm have not been settled, and a balance struck between the members of the firm, no action at law can be maintained by one member of the firm against another. The remedy in such case is in equity, to obtain a settlement of the accounts of the firm. Here, the jury, under the evidence introduced upon the issue involved, found, in favor of the defendant, that the items of plaintiff's account grew out of a partnership between him and the deceased, which was still unsettled. This finding was approved by the judgment of the Appellate Court, and must be treated as conclusive here.

On the trial, the defendant introduced in evidence certain checks payable to currency, and the stubs on the check book corresponded to the checks. This evidence was objected to as immaterial and irrelevant, but it was admitted by the court. We perceive no valid objection to the evidence. The stubs, in connection with checks, from which the checks had been taken, tended to prove that the money had gone into the hands of the plaintiff, to be used on account of the firm of C. H. Crowell & Co. It was proper, in connection with the

4—119 ILL.

other evidence in the case, tending to prove that plaintiff's claims were unsettled partnership matters.

The plaintiff put in evidence a paper executed by Crowell, as follows:

"CHICAGO, *May 21, 1879.*

EDWARD G. BOWZER, ESQ., Chicago, Ill.

"*Dear Sir*—For value received, and in partial settlement of the amount due you from me, I hereby assign and make over to you only, the following accounts now due on the books of the late firm of C. H. Crowell & Co.: [Here follow five accounts,]—total, $421.13. And agree to use due diligence in collecting the same, and to pay over to you only, in full, the proceeds of said accounts. I also agree to be responsible to you only, for all or any of said accounts which may prove uncollectible. This agreement is given and received with the full understanding and agreement that neither this paper nor any of the accounts shall be assigned, made over or transferred by you to any other party or parties whatsoever. In case any such transfer or assignment is made by you, then this assignment by me to you, as above, shall not stand, but is null and void.          Yours truly,          C. H. CROWELL."

—And it is insisted, in the argument, that he is entitled, in any event, to recover the amount named in the paper. It will be remembered that the action is not predicated on the writing, but it was merely offered in evidence for the purpose of proving the claim which had been filed in the probate court, amounting, in the aggregate, to $1426.25. What weight was to be given to this paper, was a question for the jury, in connection with all other evidence introduced by the parties, and whether they placed much or little reliance on it, in arriving at a verdict, is a matter that pertained to them alone, and can not be reviewed here, although they may have erred in judgment.

Complaint is made in regard to the instructions given for the defendant. The objections urged are mainly of a tech-

nical character, and it will serve no useful purpose to go over them here. We have carefully examined the instructions, and we do not understand that they contain incorrect propositions of law, or that they were calculated to mislead the jury. Indeed, the law involved in the case, when the instructions given for both plaintiff and defendant are all considered, was quite as favorable to the plaintiff as the evidence would warrant, and in this regard he has no just ground of complaint.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*