# CASES

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—MARCH TERM, 1899.

88 1
186s 264

### Henry P. Newman v. William A. Tichenor,

1. PARTNERS—*Can Not Litigate Partnership Matters in Law Courts.*
—The general rule is that one can not bring an action at law in assumpsit against his late partner, unless, upon a dissolution of the partnership, they account together, and a balance is found in favor of one, which the other agrees to pay; until this is done the remedy is in equity.

**Assumpsit.**—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1899. Reversed. Opinion filed February 26, 1900.

J. W. NEWMAN and L. S. HODGES, attorneys for appellant.

JOHN P. AHRENS and L. FRANK OTTOFY, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee, in an action of assumpsit, recovered a verdict and judgment thereon for $4,000 against appellant, from which this appeal is taken.

The declaration consists of two special counts and the common counts, to which the general issue was pleaded. The first count sets up *in haec verba* a contract between appellant and appellee, by which appellant agreed to sell to appellee certain real estate in Chicago and the medical prac-

VOL. LXXXVIII 1        (1)

tice and business of appellant, conducted at his residence and office located on said real estate, for the price of $12,000, of which $10,000 was to be paid in cash and the balance, $2,000, by the guaranteed note of appellee; also further providing for a partnership between appellant and appellee in the practice of medicine and surgery from the date of the contract, October 15, 1894, until December 31, 1895, in the fees and earnings of which business they were to share equally, except as to fees earned by appellant as a specialist in gynecology and abdominal surgery. The contract also contains special agreements and covenants on the part of each of the partners as to the work and duties of each under it. It also contains the following provision :

" Said Newman guarantees to said Tichenor that the share of Tichenor in the actual earnings and receipts of the copartnership, prior to December 31, 1895, shall be at the rate of as much as twenty-five hundred dollars ($2,500) per annum, and that if it be less, he will credit the amount of the difference between what it is at the end of the term and said guaranteed sum on said two thousand dollar ($2,000) note, if not paid, and if paid, will repay the amount of such difference to him within thirty days after that date."

The first count alleges the conveyance of the real estate and the payment of the cash payment of $10,000, and sets up divers breaches of the partnership agreement on the part of appellant, and that appellee during the whole term of the agreement used his best efforts to promote the interests of the copartnership, but that the appellant had utterly failed and refused to comply with the terms of the agreement in the respects alleged, and also has the following further allegation :

" And the plaintiff says that without any fault or omission or neglect on his part, the share of said plaintiff in the actual earnings and receipts of said copartnership, prior to December 31, A. D. 1895, did not amount to the rate of as much as $2,500 per annum, but that on the contrary, by reason of the neglects and refusals of defendant aforesaid, the actual earnings and receipts of said copartnership, prior to December 31, A. D. 1895, were less than the expenses of carrying on the business of said copartnership, and by rea-

son thereof the share of said plaintiff in the actual earnings and receipts of said copartnership amounted to nothing."

The second count also sets up the same contract *in haec verba*, alleges a compliance with its terms on the part of appellee generally, a conveyance of the real estate and payment of the cash payment of $10,000, and that appellant had in various respects, which are specifically set out, failed to comply with the partnership agreement, and also the agreement of appellant to sell to appellee appellant's medical practice and the good will thereof, which it is alleged was worth the sum of $6,000. There is no allegation in either of these counts that appellee gave his guaranteed note of $2,000, provided for by the contract.

Various contentions are made in the briefs and arguments of counsel, which, in the view we take of one question presented, it is unnecessary to consider. That question is, can this suit be maintained at law. It is sought in this case to recover damages for breaches of the partnership agreement between the parties and by reason of the guaranty by appellant to appellee above stated, which is a part of the same agreement.

The general rule is that one partner can not bring an action at law in assumpsit against his late partner, unless upon a dissolution of the partnership they account together, and a balance is found in favor of one, which the other agrees to pay; and until this is done the remedy is in equity. Burns v. Nottingham, 60 Ill. 532, and cases cited.

In 2d Lindley on Part., *p. 567, the author states the general rule to be that one partner can not sue another at law in respect of any matter involving the partnership account. The authorities and text writers generally agree upon this rule, but in Story on Partnership, the author states (Sec. 218) exceptions, viz:

" Wherever there is an express stipulation in the partnership articles which is violated by any partner, an action at law, either assumpsit or covenant, as the case may require, will ordinarily lie to recover damages for the breach thereof."

There are cited in support of the text which sustains it,

many authorities, among others the following: Singer v. Heller, 40 Wis. 544–8; Hunt v. Morris, 44 Miss. 314; Hunt v. Reilly, 50 Tex. 103; Whitehill v. Shickle, 43 Mo. 537–43.

In 2d Bates on Part., Sec. 876, the author says :

" So if one partner promises to the other to contribute capital, whether payable in advance or installments, as required during the progress of the work, or to contribute work, articles, machinery, etc., and does not do so, the other can recover from him, by action at law, on the express promise. So if a specific amount of property was to be put in."

The author cites, among other cases which support the statement in the text, the following: Wadsworth v. Manning, 4 Md. 59; Boyd v. Mynatt, 4 Ala. 79–82; Williams v. Henshaw, 11 Pick. 83; Pilsbury v. Pilsbury, 20 N. H. 90.

Most of the above cases make no exception to the general statement that an action at law will lie for a breach of partnership articles.

There are a line of cases, however, which adopt the general rule as above stated, that one partner can not sue another at law until there has been an accounting and a balance found in favor of one which the other agrees to pay; and while they recognize exceptions to this rule they hold that no action at law will lie between partners which can not be properly tried without going into the partnership accounts. Among such cases may be cited the following: The Whitehill case, *supra;* Holyoke v. Mayo, 50 Me. 385–9; McKnight v. McCutchen, 27 Mo. 436; Estes v. Whipple, 12 Vt. 373; Capen v. Barrows, 1 Gray, 376.

The doctrine of this latter class of cases seems to have been adopted and followed by the Supreme Court of Illinois and this court. Buckmaster v. Gowen, 81 Ill. 153; Smith v. Riddell, 87 Ill. 165; Bracken v. Kennedy, 3 Scam. 558; Frink v. Ryan, Id. 322; Bowzer v. Stoughton, 119 Ill. 47; Berry v. DeBruyn, 77 Ill. App. 359, and cases there cited, especially Crater v. Binninger, 45 N. Y. 546, and Ryder v. Wilcox, 103 Mass. 27.

In the Buckmaster case, *supra*, the action was assumpsit to recover damages by one copartner against another for a

Newman v. Tichenor.

failure to furnish to the firm money necessary to the successful performance by the firm of its proposed contract with a certain railroad company. The court say :

" The injury complained of resulted from the misconduct of Gowen, as a member of the firm, in failing to contribute to its capital, as it is alleged he ought to have done. The wrong complained of can only be ascertained after a final settlement of the affairs of the firm, and this can be enforced only in a court of equity."

In the Smith case, *supra*, where one partner agreed with his copartner to pay a certain tax so as to save the firm property from seizure and sale, and gave personal security for such payment, but afterward paid the same out of the partnership funds, charging himself with the amount, it was held that the other partner could not, at law, recover more than nominal damages until the partnership accounts had been settled. The court held that the undertaking was a mere guaranty by one partner to the other, for which there could be recovery for only such damages as were suffered by reason of the breach of the guaranty. The court say :

" To recover such damages in a court of law, it was necessary for Rydell to show that his affairs as such partner had been adjusted with Fosbender, and his loss, if any, ascertained. A court of law is not competent under our laws to litigate and settle accounts between partners. Hence, in an action at law, unless the accounts be first settled, plaintiff could only recover nominal damages for a breach of this promise."

In the case at bar, before appellee could prove his damages under appellant's guaranty, it would be necessary to go into a partnership accounting in order to ascertain whether or not the guaranty had been fulfilled. The contract of partnership provides that, with certain exceptions, the partners shall share equally in the business, but nothing is said with reference to a payment of the expenses thereof. Necessarily this would involve a sharing of expenses equally, and before it could be ascertained whether appellee had suffered any damage by reason of a breach of the guaranty, there would have to be an accounting, not only to determine the actual earnings and receipts of the firm, but what

the expenses had been and what proportion of such expenses had been paid by each of the partners, and what amount of earnings had been received by each. If it should appear from such accounting that appellee had received as much as $2,500 per annum from the earnings of the firm, besides any expenses which he might have paid, appellant would not be liable to him under the guaranty.

Counsel for appellee, in their argument, even resort to a process of accounting between the partners in order to demonstrate how his damages under the guaranty should be determined.

It is equally true that before appellee's damages for a breach of the agreement by appellant in failing to turn over his medical practice and business and the good will thereof, could be determined, it would be necessary to go into the partnership accounts in order to ascertain the value of such business and good will and how much appellee has realized therefrom during the period of the partnership. It could not be said that appellee has been damaged, if it should turn out upon accounting that he has received from the business all that it is worth.

We are, therefore, of opinion, that under the rule announced by the decisions last noted, the remedy of appellee is in equity. The result reached in this case is a practical demonstration of the necessity of legislation to enable the courts to determine the differences between litigants without reference to the forum they enter, whether the common law or chancery.

The judgment of the Circuit Court is reversed.