## FLANDERS and others vs. SHERMAN and another.

In an attachment suit the parties stipulated that judgment should be entered for the amount claimed; that defendants should deliver to plaintiffs certain notes (which had been seized under the attachment), executed by one H. S. to defendants, and secured by a deed of trust of certain lands in Illinois; that if it should appear, within *twenty days from the date of the stipulation*, that said notes and deed were genuine, and such as represented by defendants, plaintiffs were to receive them in payment of the judgment; but that the settlement should not be thus made unless H. S. acknowledged his indebtedness as expressed in said notes, nor unless said deed of trust was "good and valid on record, and nothing on record interfered with it in any manner, and it was recognized by said H. S." Nearly two years after this stipulation was filed and judgment entered accordingly, defendants obtained an order based on the stipulation, a report of the sheriff and an affidavit of one of said defendants, that the *judgment be discharged* of record. The sheriff's report stated that by the request and upon the responsibility of the plaintiffs, he had placed the notes with an attorney of Chicago, Ill., for collection, and had not yet heard therefrom. The affidavit stated that by the terms of said stipulation defendants were entitled to have the judgment *discharged*, as they had complied in all things with the stipulation on their part, and the plaintiffs did receive said notes and deed of trust, and the same were genuine and valid, and there was, at the time of making such stipulation, no other incumbrance upon the real estate embraced in said trust deed. *Held*, on appeal, that there was no sufficient evidence that the judgment had been satisfied in fact.

To entitle them to such an order of satisfaction, defendants should have shown that, within twenty days after the making of said stipulation, they had exhibited to the plaintiffs proof that H. S. recognized his indebtedness on the notes and deed of trust; that the deed was valid on record, and nothing on record interfered with it in any manner; and that they delivered said notes and deed to the plaintiffs.

The act of the sheriff in sending the notes and deed to an attorney to be collected, at the request and upon the responsibility of the plaintiffs, did not constitute a delivery of them to the plaintiffs and an acceptance by them under the stipulation.

To make such a delivery, the defendants should have executed some writing authorizing the court or sheriff to deliver the notes to the plaintiffs, and tendered it to them within the time stipulated; or done some equivalent act.

On an appeal from an order, this court must presume that the statute (sec. 5, ch. 264, Laws of 1860) has been complied with, and that the appeal papers contain *all* the evidence on which the court below acted.

APPEAL from the Circuit Court for *Crawford* County.

This cause was once brought to this court on an appeal by the defendants from an order of the circuit court setting aside

its previous order which directed satisfaction to be entered of the judgment therein. The facts are fully stated in 18 Wis., 575–594. It was there held that the circuit court had no authority to set aside the order for satisfaction of the judgment, the plaintiffs' application for that purpose not having been made within a year from the time when they had actual notice of such order. The plaintiffs then appealed directly from the order of satisfaction, of which they had never received *written* notice. See *Corwith v. The State Bank of Illinois*, 18 Wis., 560.

*J. H. Knowlton*, (with whom was *E. S. Smith*), for appellants.

*B. E. Hutchinson*, for respondents :

The presumption is that there was sufficient evidence before the court to justify its action in making the order of satisfaction. It does not appear that the affidavit of *Wilson* was the only evidence. It appeared that the plaintiffs had taken under their control the notes and trust deed, and these, with the amount collected by the sheriff, as shown by his report, and the amount tendered in court, equalled the judgment debt. The plaintiffs had notice of the application, and did not deny the allegations. By the sheriff's report and *Wilson's* affidavit, it appears that plaintiffs had received the notes; and by the affidavit it appeared further that the notes were genuine and valid, and that there was no other incumbrance upon the real estate conveyed by the trust deed ; and from *Flanders'* letter, attached to the sheriff's report, it appeared that Henry Sherman recognized the notes as genuine, as he stood "ready to pay a portion now [then], and the balance soon."[*] Thus the defendants showed that the essential requisites to the acceptance of the notes, as fixed by the stipulation, had been complied with.

---

[*] These words are from a letter addressed by *Mr. Flanders* (one of the plaintiffs) to his attorney in Crawford county, which letter was annexed to the sheriff's report, together with one to the same attorney from D. Nichols, Esq. of Chicago, in whose hands the notes were placed, at the request and on the responsibility of the plaintiffs, for collection. Extracts from these letters will be found in 18 Wis., 577–8.

REP.

They were received by plaintiffs January 6th, 1860. The sat‑ isfaction was entered at the June term, 1861. Here was abun‑ dant time to have indicated some objection to the parties or the sheriff. Even had they designed only to take them for collec‑ tion, they had removed them beyond the jurisdiction of the court, retained them for eighteen months, and beyond the sheriff's term of office, and never reported upon them; hence the parties, the sheriff and the circuit court, concluded that they received them as stipulated.

*By the Court*, DOWNER, J. This is an appeal from an order of the circuit court, entering satisfaction of a judgment in favor of the appellants for $1778.93. They maintain that there was not sufficient evidence of the *payment of the judgment.* This depends upon whether or not they had received as part payment thereof three promissory notes of $500 each, made by Henry Sherman, and secured by deed of trust on lands in the state of Illinois. At the time of the entering of the judgment and the making of the stipulation pursuant to which it was entered, these notes, and others belonging to the defendants, were in the hands of the sheriff, under an order of the court, for col‑ lection, having been attached in the suit as the property of the defendants. In the stipulation, among other things, it was agreed in substance as follows : That the defendants should deliver to the plaintiffs the three promissory notes. If it should appear within twenty days from September 28th, 1859, that the notes and deed of trust were true and genuine and such as represented by the defendants, the plaintiffs agreed to receive them in part payment of the judgment. The stipulation then closes with the following : " And it is expressly agreed that the above settlement shall not be made unless the above des‑ cribed · indebtedness of the said Henry Sherman is by him recognized to be true and genuine, and the said deed of trust is good and valid on record, and nothing on record interferes with it in any manner, and it is recognized by said Sherman."

The report of the sheriff and the affidavit of *Wilson*, the defendants maintain, are sufficient evidence that the notes were delivered to and received by the plaintiffs as part payment under and pursuant to the stipulation. *Wilson*, in his affidavit, states, "That by the terms of said stipulation, the defendants are now, and for a long time have been, entitled to have said judgment satisfied and discharged, as the said defendants have complied in all things with the said stipulation on their part." This is no statement of facts on which the court could act. The facts from which such conclusions might be drawn, should have been stated, and not the conclusions alone, especially in an *ex parte* affidavit, in which, it is to be presumed, the affiant presents all the facts in the light most favorable to himself. He further says : " And the said plaintiffs did receive the said notes and deed of trust, and the same were true and genuine and valid, and there was, at the time of making such stipulation, no other incumbrance upon the real estate embraced in said deed of trust." This is certainly not stating, nor equivalent to stating, that within twenty days from September 28th, 1859, the defendants exhibited to the plaintiffs proof that Henry Sherman recognized the indebtedness of the notes and deed of trust to be true and genuine, and that the deed was valid on record, and nothing on record interfered with it in any manner ; and that they delivered the notes and deed to the plaintiffs. This we think, in substance, they were bound to prove. The report of the sheriff shows that long after the expiration of the twenty days, he, at the request and upon the responsibility of the plaintiffs, sent the notes and trust deed to an attorney at Chicago for collection. This probably was construed by *Wilson* into a reception of the same by the plaintiffs. We cannot, however, regard it in that light. The notes were in the hands of the sheriff as receiver. Both parties had an interest in having them collected. The sheriff sent them to an attorney, and if collected the money is to be returned to the sheriff and disposed of as the court shall di-

rect. To make a delivery to the plaintiffs, the defendants should have executed some stipulation or writing authorizing the court or sheriff to deliver the notes to the plaintiffs, and tendered it to them within the time stipulated, or done something equivalent to it. We are satisfied the evidence was insufficient to prove that the appellants received the notes as part payment of the judgment. The counsel for the respondent insists that we cannot presume that all the evidence on which the court below acted is in the record. On an appeal from an order, the statute (sec. 5, ch. 264, Laws of 1860) directs the clerk to transmit to this court the original papers used by each party on the application for the order appealed from. The presumption is, then, that we have all the evidence on which the circuit court acted.

Order of the court below reversed, with costs.