GAGE and another, Respondents, vs. ALLEN and others, Appellants.

*February 1 — February 21, 1893.*

*Replevin by mortgagees: Undertaking by assignee of defendant: Payment of mortgage debt: Judgment.*

1. There is no statute in this state authorizing a person not a party to a replevin suit (in this case the assignee for the benefit of creditors of the defendant in such suit) to acquire the property by giving an undertaking that, if the property be adjudged to be delivered to the plaintiffs, he will make such delivery or pay the amount of any judgment recovered by them, not exceeding the amount received by him from the sale of the property.
2. The plaintiffs in the replevin suit in this case being mortgagees of the property, and their special interest therein, as shown by the pleadings, being limited to the amount of the mortgage debt, and the assignee of the mortgagor, after judgment in their favor, having paid to them the proceeds of the sale of the property, exceeding the mortgage debt and interest, they cannot recover upon said undertaking given by the assignee, although the verdict in the replevin suit did not find the amount of their special interest and the judgment did not limit their recovery accordingly.
3. In an action against the assignee and his sureties upon said undertaking, a judgment in favor of plaintiffs was ordered upon mere motion, without any trial or assessment of damages as required by sec. 2890, R. S., although the answer alleged facts tending to show that plaintiffs' mortgage was void as against the assignee. *Held,* error.
4. A judgment based upon only one of two causes of action alleged in the complaint, expressly leaving the other undisposed of, is erroneous.

APPEAL from the Circuit Court for *Eau Claire* County.

On June 19, 1885, one Elizabeth A. Wayland, residing at Eau Claire and engaged in the millinery business, executed and delivered to the plaintiffs a chattel mortgage on all her stock of millinery goods, wares, and merchandise, furniture, and fixtures, to secure the payment of a debt due from her to them of $466. On the same day the plaintiffs

replevied the property covered by the mortgage from Mrs. Wayland, the value of the goods so replevied being stated in the affidavit therefor at $500.   On June 20, 1885, the said Wayland made a voluntary assignment of all her property, including the property covered by said mortgage, to the defendant *Allen*, who thereupon gave a bond for $2,000, and accepted the trust as such assignee.   On June 22, 1885, the said *Allen*, as such assignee, served upon the defendant *Cosgrove*, who was at the time sheriff and whose undersheriff, the defendant *Dunn*, held said goods in said replevin suit, a notice of his claim to the property so mortgaged, as such assignee, as provided in sec. 2727, R. S. Thereupon said sheriff demanded of the plaintiffs further security, as required by sec. 2727, R. S.   On July 18, 1885, the plaintiffs gave to the said sheriff an undertaking with recitals of some of the facts mentioned, signed by the defendants *Brimi* and *Kepler*, to the effect that they thereby undertook, pursuant to the statute in such case made and provided, in the sum of $1,000, that, if the said *Allen* maintained his said claim to said property so in custody of said sheriff, they would pay all costs that might be awarded to said *Allen*, and all damages which said sheriff might sustain by reason of his retaining the possession and custody of all the property so seized in replevin, not exceeding the sum mentioned.   On July 22, 1885, said *Allen*, as principal, and the defendants *Kepler* and *Brimi*, as sureties, executed and delivered to said sheriff an undertaking with recitals of some of the facts mentioned, to the effect that said obligors therein undertook and became bound in the sum of $1,000 to said sheriff, that, if the personal property so replevied be adjudged to be delivered to the plaintiffs or that the plaintiffs had any lien thereon, then the said *Allen* should deliver said property to said plaintiffs, or in lieu thereof pay them the amount of any judgment which might be recovered in their favor and against said defend-

ants in said action, " not exceeding the total amount re-
ceived from the sale of said goods." On July 28, 1885, said
sheriff demanded a further undertaking, as required by sec.
2727, R. S., signed by each of the plaintiffs, which the
plaintiffs failed to give, and on or about August 1, 1885,
the sheriff delivered the goods so replevied to said *Allen.*

On December 13, 1885, certain creditors of Mrs. Wayland
commenced a suit in the name of said *Allen,* as such as-
signee, against the plaintiffs, to set aside said chattel mort-
gage, which suit is still pending. On November 10, 1887,
the said Wayland applied to the court in said replevin suit
for a stay of proceedings until said *Allen* should be made
a party defendant therein, which motion was denied, with
$10 costs. On November 12, 1887, the said plaintiffs re-
covered judgment in said replevin suit against said Wayland,
to the effect that they were entitled to the possession of the
goods so replevied, and that they were of the value of $1,000,
and for $224.31 costs, and directing said sheriff and under-
sheriff to deliver said goods to the plaintiffs. On February
24, 1888, the said *Allen,* as such assignee, having sold and
converted said mortgaged property into money, delivered
and paid to the plaintiffs' attorneys, as the proceeds of said
goods, $600.

On May 31, 1888, the plaintiffs commenced this action
against said *Allen, Kepler,* and *Brimi,* who executed said
undertaking of July 22, 1885, and also against said *Cosgrove*
and *Dunn,* as sheriff and undersheriff, who seized said
goods. The complaint contains two causes of action,— the
first being, in effect, for the wrongful conversion of the
goods covered by said mortgage, by said sheriff, under-
sheriff, and *Allen,* to the plaintiffs' damage in the sum of
$1,224.31 and interest thereon from June 19, 1885, and
the second cause being, in effect, that said *Allen, Kepler,*
and *Brimi* were indebted to the plaintiffs on said under-
taking of July 22, 1885, for the amount named,— and de-

Gage and another vs. Allen and others.

manded judgment against each and all of the defendants for the delivery of all of the said property to the plaintiffs, or, in case of failure, for the sum of $1,224.31, and the costs and disbursements of this action.

*Allen* separately answered and justified under said assignment, and for a further defense alleged that at the time of making said assignment, and for more than sixty days prior thereto, Mrs. Wayland was insolvent, to the knowledge of plaintiffs, and that she made said mortgage because of, and in contemplation of, such insolvency and the making of said assignment; and also set up a counterclaim for said $600 so paid to the plaintiffs. The other defendants separately answered the facts mentioned.

The issues so formed having come on for trial October 14, 1890, and the court having refused to continue the cause on the motion of said *Allen*, and the defendants having admitted in open court that the sum of $600 mentioned as having been paid to the plaintiffs February 24, 1888, is the same payment set up in the answer and as a counterclaim therein, and that there was only one such payment, and the plaintiffs having moved, upon said admission and upon the pleadings, for judgment in favor of the plaintiffs and against the defendants *Allen, Kepler*, and *Brimi*, according to the demand of the complaint herein, and the court having ordered judgment in favor of the plaintiffs, and against the defendants *Allen, Kepler*, and *Brimi*, upon the second cause of action set forth in said complaint, for the sum of $419.83, and interest thereon at the rate of seven per cent. from February 24, 1888, together with the costs of this action, it was thereupon adjudged by the court that the plaintiffs recover of the defendants *Allen, Kepler*, and *Brimi* the sum of $497.38, together with $43.76, costs of this action, making together the sum of $541.14. From said order and judgment the defendants *Allen, Brimi*, and *Keppler* appeal, and also from that part of an order entered October 16, 1890,

striking out certain parts of the separate answer of said *Allen*, with costs, and not allowing costs to said *Cosgrove* and *Dunn*.

For the appellants there were briefs by *Ellis & Allen*, and oral argument by *J. F. Ellis* and *F. J. Lamb*.

For the respondents the cause was submitted on the brief of *L. A. Doolittle*.

CASSODAY, J.   It appears from the foregoing statement that this controversy has continued for nearly eight years without any adjudication upon the merits.   The mortgage was given by Mrs. Wayland to the plaintiffs to secure a debt of $466, and no more.   On the day it was given, the plaintiffs, as such mortgagees, replevied the goods mortgaged, and based their right to possession entirely upon the mortgage.   *Gage v. Wayland*, 67 Wis. 566.   The next day Mrs. Wayland made a voluntary assignment of all her property to *Allen*, for the benefit of her creditors.   *Allen*, as such assignee, thereupon claimed the property so replevied from the sheriff, as prescribed by sec. 2727, R. S.   The basis of such claim appears to have been, in effect, that the mortgage was given by an insolvent debtor within sixty days prior to the making of such assignment, and in contemplation thereof or of insolvency, to the knowledge of the plaintiffs, and hence was void and of no effect against such assignee, under the statutes (sec. 1693*a*, S. & B. Ann. Stats.); and the subsequent suit brought in his name was for the purpose of having that question adjudicated.   The delay of seven years in prosecuting that suit may be explainable, but it is unaccounted for.   Assuming that the mortgage was valid, still it is obvious that *Allen*, by virtue of the assignment, acquired the right to the property, subject only to the payment of the mortgage debt and the accrued costs. *Allen* having made claim to the property, as mentioned, the sheriff demanded further indemnity of the plaintiffs, as

prescribed by sec. 2727, R. S.  The plaintiffs having failed
to give an undertaking satisfactory to the sheriff, that offi-
cer delivered the goods to *Allen* upon his giving the under-
taking dated July 22, 1885, mentioned in the foregoing
statement, and constituting the basis of the plaintiffs' secor d
cause of action alleged, and upon which this judgment is
based.  That undertaking was not given pursuant to any
statute.  The statutes prescribe the undertaking to be
given by a plaintiff in commencing an action of replevin,
and also for a further undertaking to be given by him in
case the same is demanded by the sheriff, as here.  Secs.
2720, 2727.  So they prescribe the undertaking to be
given by the defendant in case he requires a return of the
property.  Sec. 2722.  But we are not aware of any statute
authorizing a person not a party to the replevin suit to ac-
quire the property by giving an undertaking like the one
of July 22, 1885.  True, *Allen* may be regarded as a re-
ceiptor of the goods, and the undertaking in question as
measuring his liability therefor to the sheriff.  *Bell v. Shafer*,
58 Wis. 223; *Main v. Bell*, 27 Wis. 517.  Still the question
recurs whether *Allen* and his sureties are liable in this ac-
tion to the plaintiffs for the value of the property, as found
in the replevin suit, and the interest thereon, and the costs
in that suit.  True, *Allen* and his sureties thereby under-
took, in case it should be adjudged in the replevin suit that
the property be delivered to the plaintiffs or that they had
a lien thereon, that then *Allen* should make such delivery
or pay the amount of any judgment recovered therein, " not
exceeding the total amount received from the sale of the
goods."  But as indicated, the plaintiffs were not bound to ac-
cept the undertaking, nor could such undertaking increase
or diminish the amount of their claim upon the property, or
the sheriff's liability therefor to the respective parties.  It
may be questionable whether there is any legal privity be-
tween the plaintiffs and *Allen* and his sureties upon that

undertaking; but, assuming that there is, still we are constrained to hold that this judgment cannot be sustained.

The plaintiffs brought the replevin suit as mere mortgagees. Their special interest in the property was limited by the amount of Mrs. Wayland's indebtedness to them. That appeared upon the face of the complaint, and their affidavit for the delivery of the property to them necessarily set forth the facts showing that they were entitled to the possession by virtue of such special property therein. Subd. 1, sec. 2718, R. S. Upon such a complaint and affidavit, it is very obvious that, as against the defendant *Allen*, as such assignee, the special interest of the plaintiffs in the property replevied was, at most, necessarily limited to the amount of the debt which the mortgage was given to secure. It is true the statute does not, as in justice's court (sec. 3745, R. S.), expressly require the jury to find the amount of such lien, and then limit the judgment to the amount thereof so found, with interest and costs. Nevertheless, the statutes, by necessary implication, do, in effect, so limit the recovery, in a case like this. Secs. 2859–2888. The verdict in that case must necessarily be construed as meaning that the jury found the issues submitted to them in favor of the plaintiffs; that is to say, that the plaintiffs had a special interest in the property, limited to the amount of their debt against Mrs. Wayland and costs. Thus it has been repeatedly held that if the pleadings and evidence show that the party recovering has only a special property in the goods, and that the general property is in the other party, the jury should assess only the value of such special interest. *Booth v. Ableman*, 20 Wis. 23; *Battis v. Hamlin*, 22 Wis. 669; *Warner v. Hunt*, 30 Wis. 200; *Union L. Co. v. Tronson*, 36 Wis. 126; *Farwell v. Warren*, 76 Wis. 538; *Single v. Barnard*, 29 Wis. 463. But, as indicated, the jury failed to assess the value of such special interest. *Allen*, as such assignee, converted the goods covered by the mortgage into money, and

paid the proceeds thereof to the plaintiffs, before the commencement of this action. The $600 so paid largely exceeded the debt and interest secured by the mortgage, and we perceive no good reason why it should not have extinguished the same. But notwithstanding such payment the plaintiffs have recovered judgment in this action for $497.38, besides costs; and this recovery is upon an undertaking limiting the amount thereof to the "total amount received from the sale of the goods," and which amount, as indicated, was paid to the plaintiffs before the commencement of this action. But, what is more remarkable, that judgment was ordered and recovered upon mere motion, without any trial, much less an assessment of damages, as required by the statute (sec. 2890); and this was done notwithstanding *Allen's* answer alleges facts tending to show that the plaintiffs' mortgage was absolutely void as against him as such assignee.

The judgment is also erroneous in that it is based upon only one of the two causes of action alleged in the complaint, expressly leaving the other entirely undisposed of. There can be but one final judgment in the case, and that must dispose of all the issues and the rights of the parties. *Sellers v. Union L. Co.* 36 Wis. 398; *Singer v. Heller*, 40 Wis. 544; *Treat v. Hiles*, 75 Wis. 265; *Sherman v. Menominee R. L. Co.* 77 Wis. 23.

In view of what has been said, the order striking out a portion of the answer becomes of no importance.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for trial and for further proceedings according to law.