Glover and others vs. Wells & Mulrooney Grain Co.

GLOVER and others, Respondents, vs. WELLS & MULROONEY GRAIN COMPANY, Appellant.

*March 13 — March 27, 1896.*

*Appeal from order: Review: Return: Certificate of clerk.*

1. An order which recites that it was made on the verified complaint and certain affidavits in opposition, "and after considering other evidence offered by each of the parties by consent of the other," cannot be reviewed on appeal where the return fails to show of what such other evidence consisted.

| | |
|---|---|
| 93 | 13 |
| 93 | 137 |
| 93 | 13 |
| 95 | 343 |
| 93 | 13 |
| 99 | 542 |
| 93 | 13 |
| 104 | 464 |
| 93 | 13 |
| 106 | 665 |
| 93 | 13 |
| 108 | 255 |
| 93 | 13 |
| 114 | [1]275 |
| 114 | [2]275 |
| 93 | 13 |
| 116 | [1] 73 |
| 116 | [2]500 |

2. The certificate of the clerk of the circuit court to the return on the appeal from such order, that the papers transmitted "are all the original papers on file in my office," is defective. Under sec. 3050, R. S., he should certify in such a case that they are the originals used *on the hearing* of the motion, or copies thereof if copies are ordered to be returned.

APPEAL from an order of the circuit court for St. Croix county: E. B. BUNDY, Circuit Judge. *Dismissed.*

This is an action for a permanent injunction, and a temporary injunctional order was granted against the defendant, upon motion, after hearing both parties, from which the defendant appealed. The order recites that it was made on the verified complaint, and the affidavits of William Johnston and George A. Wells in opposition, "and after considering other evidence offered by each of the parties by consent of the other;" but there is nothing in the return, which embraces the complaint and affidavits, to show of what such other evidence consisted. The certificate of the clerk of the circuit court to the return is "that the papers hereto annexed are all the original papers on file in my office," and "that they are transmitted to the supreme court of said state of Wisconsin pursuant to an appeal taken in said action, notice of which has been duly served on me and is hereto annexed."

For the appellant there was a brief by *Smith & Oakes*, and oral argument by *H. H. Smith*.

For the respondents the cause was submitted on the brief of *W. F. McNally*.

PINNEY, J. 1. The respondents object that the return is insufficient to enable the court to review the order appealed from, in that it does not contain or show of what the other evidence offered by either of the parties consisted; and we are of the opinion that the objection is well taken. As was said in *Bowen v. Malbon*, 20 Wis. 491: "We must assume

Glover and others vs. Wells & Mulrooney Grain Co.

that the matters contained in such minutes amply justified the order granted." The rule is well settled that error will not be presumed, but must be made to appear affirmatively. This defect is necessarily fatal to the appeal. *Bunn v. Valley L. Co.* 63 Wis. 630, 632.

2. It is proper to observe that the certificate to the return is radically defective in an important requirement. The statute (R. S. sec. 3050) provides that, "if the appeal is from an order, he [the clerk] shall transmit the order appealed from and the original papers used by each party on the application for the order appealed from," and that the court may direct copies to be sent in lieu of the originals. The statute requires the clerk to "annex to the papers so transmitted a certificate under his hand and the seal of the court from which the appeal is taken, certifying that they are the original papers or copies, as the case may be, and that they are transmitted to the supreme court pursuant to such appeal." In *Carpenter v. Shepardson,* 43 Wis. 406, 409, it was pointed out that under the statute the clerk "should certify that the papers returned on the appeal are the originals *used on the hearing* of the motion, or copies thereof if copies are ordered to be returned," and that "this is indispensable, unless it appears from the record itself what papers were so used." There is nothing in the certificate to show what papers were used on the hearing, and the order is the only paper embraced in the return that contains any information on this point; but that is defective, as we have seen, as to the "other evidence." Sec. 6, Rule XI, of the circuit court rules, provides that "all orders of the court or a judge, whether granted *ex parte,* by default or otherwise, shall briefly refer to all the records, petitions, affidavits, and other papers read or used by either party upon the application for the order;" and, if complied with, the order will show, for the purposes of an appeal, as the rule obviously intended it should, what papers were read or used upon the application for the order.

After the full and explicit exposition of the practice in such cases, and in view of the rule, there is no reason why the law should not be complied with, and uncertainty and embarrassment avoided.

For want of a sufficient return, the appeal must be dismissed.

*By the Court.*— The defendant's appeal is dismissed.