95 342
104 421
104 464

95 342
106 665

95 342
108 255

95 342
114 275

95 342
116 500

HOFFMAN & BILLINGS MANUFACTURING COMPANY, Appellant, vs. BURDICK and another, Respondents.

*February 4 — February 23, 1897.*

*Appeal, dismissal for insufficient return.*

Unless the affidavits on which the court below acted in making the order appealed from are returned with the record, the supreme court will dismiss the appeal, even though they had never been filed in the court below. All papers must come to that court under the certificate of the clerk of the lower court and cannot be filed for the first time in the supreme court.

APPEAL from an order of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Appeal dismissed.*

This was an action of replevin to recover possession of a stationary engine which formed the motive power of an electric lighting plant at New London. Judgment by default was rendered for the plaintiff, adjudging return of the engine or the recovery of $1,200, the adjudged value, in case delivery could not be had. The judgment was paid two days later by one Sherman, the owner of the real estate. It appears that afterwards the defendants moved upon affidavits for an order vacating the judgment. The motion was opposed and counter affidavits filed, and on March 6, 1896, the court made an order that the plaintiff pay the defendants $206.60, with motion costs, within twenty days, or that in default of such payment the judgment be vacated. From this order the plaintiff appealed.

For the appellant there was a brief by *Gerrit T. Thorn,* attorney, and *W. W. Gilman,* of counsel, and oral argument by *Mr. Gilman.*

For the respondents the case was submitted on a brief by *Cate, Sanborn, Lamoreaux & Park.*

WINSLOW, J. The affidavits upon which the order appealed from was founded are not returned with the record,

and it affirmatively appears by the certificate of the clerk that they were never filed. Thus the papers upon which the court acted in making the order are not before us. In such case it is well settled that the court will dismiss the appeal because the return is insufficient to enable the court to review the order appealed from. *Glover v. Wells & M. Grain Co.* 93 Wis. 13. It is the appellant's duty to see that the proper return is made to this court. He could have obtained an order authorizing the filing of copies in case the originals were lost or withheld from the files. R. S. sec. 2835. Two packages of papers were produced on the argument, with the assurance that they were the motion papers or copies of the motion papers used below, and request was made that they be filed in this court and considered on this appeal. We cannot do this. In appeal cases all papers essential to the record must come to this court under the certificate of the clerk of the court below. *Tyson v. Tyson*, 94 Wis. 225.

*By the Court.*— Appeal dismissed.