Hyde vs. German National Bank of Oshkosh.

HYDE, Respondent, vs. GERMAN NATIONAL BANK OF OSH-KOSH, imp., Appellant.

*May 7 — May 21, 1897.*

*Appealable order: Reference: Jurisdiction: Consent.*

1. In an action for an accounting the trial judge after a hearing filed findings of fact and conclusions of law and ordered that upon the basis thereby determined an accounting be had. No other judgment or order was entered. *Held,* that the order was an order of reference for taking an account, which did not determine the rights of any of the parties, and was therefore not appealable under ch. 212, Laws of 1895.

2. Consent of the parties cannot confer jurisdiction upon the supreme court to entertain an appeal.

APPEAL from an order of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Appeal dismissed.*

This action was brought by the plaintiff to compel the defendant the *German National Bank of Oshkosh* to account for the proceeds of certain lumber and timber cut from lands claimed to belong to the plaintiff, which the defendant bank claimed to hold as security for certain loans made to the plaintiff and to the defendant the Paulding Lumber Company.

The plaintiff bought certain standing timber in Michigan,

and in order to pay the purchase price he borrowed certain moneys of the *German National Bank* and J. H. Jenkins, and pledged his contract for the timber as security for payment. He made a contract with the defendant the Paulding Lumber Company, by which he sold a portion of the timber thus bought by him to that company, and the latter pledged its contract to the bank as security for advances. The plaintiff, and also the Paulding Lumber Company, carried on logging operations on said lands, and he claimed to have made advances to the Paulding Lumber Company to enable it to carry on such operations, and the said lumber company claimed to have made advances to the plaintiff to enable him to carry on his logging operations. The *German National Bank* claimed to have advanced moneys to purchase supplies, and carry on the logging operations, both by the plaintiff, *Welcome Hyde*, and by the defendant the Paulding Lumber Company. The proceeds from the sales of the timber and lumber cut on the lands had been deposited in the said bank, and it claimed a lien on all these proceeds for the payment of all its advances, both to the plaintiff and to the Paulding Lumber Company, while the plaintiff claimed that only the loans of the bank to him should be satisfied out of the proceeds of his timber, and that he had the first lien and claim on the remainder of the moneys held by the bank by virtue of his contract with the Paulding Lumber Company, and for advances made by him to that company. The defendant the *German National Bank* claimed that both the plaintiff and the Paulding Lumber Company had agreed that they would carry on logging operations on all the lands as a joint enterprise, and that all the advances by the bank to both the plaintiff and to the Paulding Lumber Company should first be paid out of the proceeds of the logging operations, and that all the plaintiff's, as well as the Paulding Lumber Company's, interests in the lands, and the timber thereon, and logs, lumber cut therefrom, etc., were pledged

and hypothecated to the bank and said Jenkins as security for the advances and loans made by them to both the plaintiff and the Paulding Lumber Company, and that the bank and Jenkins had a first lien on the proceeds for the satisfaction of their respective claims.

The parties had stipulated that "there be first tried and adjudged by the circuit court the question on what basis the accounting shall be had, and particularly that there be first tried and adjudged the question whether the property of the plaintiff, *Welcome Hyde*, was pledged to the defendant the *German National Bank* or to J. H. Jenkins, or both of them, as security for the debts of the Paulding Lumber Company, and that either party should have a right to appeal from the determination of the circuit court as to the basis on which the accounting should be had, and that neither party be compelled to proceed to an accounting in court until determination by the supreme court as to such basis, and particularly as to whether the property of the plaintiff was pledged to the *German National Bank* or to J. H. Jenkins, or both of them, as security for the debts of the Paulding Lumber Company, or J. H. Weed, or Margaret Weed." An order was entered, directing that the issues in the action be tried as provided in the stipulation.

The circuit court, after the trial, gave its opinion as follows: "First. *Welcome Hyde* did not, at any time nor in any manner, pledge his property to pay the debts of the Paulding Lumber Company or J. H. Weed. Second. The *German National Bank* has no lien whatever upon the property of *Welcome Hyde*, except for debts owing by him to said bank and to J. H. Jenkins, understood to aggregate, exclusive of interest, about the sum of $8,000. Third. The said bank has a lien upon the property of the Paulding Lumber Company for supplies furnished for it, which is superior to *Hyde's* lien upon the same property for supplies furnished by him to the Paulding Lumber Company pursuant to the

contract of March, 1894." The court made a finding of facts and conclusions of law, embracing substantially the points mentioned, and ordered that an accounting be had between the parties upon the basis determined by said finding of facts and the conclusions of law, stating the same, and that it should "embrace and ascertain separately: (1) The amount loaned by the *German National Bank* to the Paulding Lumber Company and to others at its request, to secure the payment of which the interest of the Paulding Lumber Company in the contract from the plaintiff to it, marked 'B,' was pledged to the said bank December 30, 1892. (2) The amount of moneys paid by the *German National Bank* to discharge liens upon said property. (3) The amount of moneys advanced by the plaintiff, *Hyde*, to the Paulding Lumber Company to carry on the lumbering business upon the lands described in said contract 'B,' under the contract of March 1, 1894. (4) The amount of money furnished by *Hyde* to discharge liens upon said property. (5) The account of the Paulding Lumber Company against *Hyde* on all accounts whatever."

There were various exceptions to the finding of facts and conclusions of law, but no judgment was entered thereon, and no other or further order except said order of reference. The defendant the *German National Bank* appealed from said order as from a final judgment.

For the appellant there was a brief by *Barbers & Beglinger*, and oral argument by *Charles Barber*.

For the respondent there were briefs by *Hooper & Hooper*, and oral argument by *Moses Hooper*.

PINNEY, J. The order from which the defendant the *German National Bank* has appealed as from a final judgment is simply an order of reference for taking an account, and does not determine, or purport to determine, the rights of the parties in any respect whatever. It is not within the

class of appealable orders. Laws of 1895, ch. 212. The result of the accounting was designed, it is presumed, to form the basis of the final judgment in the action, yet to be rendered. There has been no final adjudication of any part of the merits of the action. "In our practice there is no such thing as an interlocutory judgment, and there can be but one final judgment in the case, and that must dispose of all the issues and rights of the parties." *Trustees of St. Clara Female Academy v. Delaware Ins. Co.* 93 Wis. 58, 69; *Sellers v. Union Lumbering Co.* 36 Wis. 398; *Scott v. Reese,* 38 Wis. 636; *Singer v. Heller,* 40 Wis. 544; *Treat v. Hiles,* 75 Wis. 265; *Sherman v. Menominee River L. Co.* 77 Wis. 23; *Gage v. Allen,* 84 Wis. 330. As was said by COLE, J., in *Sellers v. Union Lumbering Co., supra:* "The distinction is broad between an *order* and a *judgment,* and they are not to be confounded in practice." And as we held in *Trustees of St. Clara Female Academy v. Delaware Ins. Co., supra:* "The merits of the case, in whole or in part, cannot be adjudicated or determined by a mere order. This is the appropriate office of a final judgment." There have been only certain findings of fact, but from these no appeal could be taken. This action is one of a class in which the former equity practice of making an interlocutory decree in order to get the case in a fit condition for final hearing and judgment would be convenient and serviceable, but the practice that there can be no such judgment is too well settled to be questioned. And if a mere order could supply, in any degree, the place of such a judgment, it would not fall within the category of appealable orders. The court is therefore without jurisdiction of the subject matter submitted. Consent could not confer it.

*By the Court.*— The defendant's appeal is dismissed.