Tenney vs. The City of Madison and others.

---

Tenney, Appellant, vs. The City of Madison and others, Respondents.

*May 6 — May 9, 1898.*

*Appeals from orders: Dismissal for insufficiency of record: Undertaking, defects cured.*

1. The failure of the clerk of the trial court, upon an appeal from an order, to transmit the original papers (or copies) used by each party on the motion, and to certify them to be such original papers or copies, as required by sec. 3050, R. S. 1878, or of the order to refer to all records and papers read or used by either party on the motion, as required by Circuit Court Rule XI, sec. 6, renders the appeal subject to be dismissed.

2. The accidental omission from an undertaking on appeal, conditioned for the payment of all costs and damages which may ·be awarded on the appeal and all which may be sustained by reason

of the continuance of a temporary injunction, of the penal sum required by the terms of the order, may, under the provisions of sec. 3068, R. S. 1878, be cured upon motion in the supreme court, by the filing of a proper undertaking.

3. The plaintiff's right, under sec. 3061, R. S. 1878, to a continuance of an injunction until the decision of the appeal, does not become absolute and irrevocable upon his giving the required undertaking, but is subject to the right of the respondent, at any time pending the appeal, to file an undertaking to abide and perform any final judgment which may be rendered in favor of the appellant in such action; but a failure of the order to give the respondent that privilege may be corrected in the supreme court.

APPEAL from an order of the circuit court for Manitowoc county: N. S. GILSON, Circuit Judge. The respondents moved in this court to set aside the stay of proceedings and dismiss the appeal. The appellant moved for leave to file a new undertaking. *Appellant's motion granted on terms.*

*H. M. Lewis*, for the appellant. [No brief on file.]

For the respondents there was a brief by *John A. Aylward* and *H. W. Chynoweth*, and oral argument by *H. W. Chynoweth*.

The following opinion was filed May 24, 1898:

WINSLOW, J. This is an action in equity brought by the plaintiff, a taxpayer of the city of *Madison*, in his own behalf and on behalf of all other taxpayers, against the city, its mayor and clerk, to perpetually enjoin the city and its officers from entering into a contract with the American Sanitary Engineering Company for the erection of certain sewage purification works in said city, and from issuing corporate bonds to pay for the same, on various grounds of alleged illegality. The action was commenced in the circuit court for Dane county, but removed by order changing the venue to the circuit court for Manitowoc county. Upon the complaint and exhibits attached, a motion was made for an injunctional order *pendente lite*, and an order to show

cause was obtained from a court commissioner, with a temporary restraining order until the hearing of the motion. After the change of venue, this motion was heard by the court, and the temporary injunctional order was vacated on the 7th of March, 1897, and the motion for a preliminary injunction was denied. Immediate notice of appeal from this order was given by the plaintiff, and on the 9th of March a formal, written notice of appeal was given, accompanied by an undertaking, signed by two sureties, to the effect that if said order, or any part thereof, should be affirmed, the appellant would pay all costs and damages awarded against him on the appeal, and all of which the defendants, or either of them, might sustain by reason of the continuance of the injunction. No penal sum was named in the undertaking, but it was approved by the circuit judge, and an order made reciting the giving of the undertaking "in the sum of ten thousand dollars," and staying proceedings upon the order of March 7, and directing that the preliminary order remain in force pending the appeal, with certain modifications which are unnecessary to be stated. Thereupon all the papers on file in the action were transmitted to this court, pursuant to the appeal.

On the 6th of May, 1897, the respondents moved in this court, upon the papers returned, to set aside the stay and to dismiss the appeal. At the same time the appellant presented to this court an affidavit showing that by mistake the penal sum of the undertaking upon the appeal had been omitted, and also presented a new undertaking, with the same sureties and the same conditions, except that the penal sum of $10,000 was inserted therein in the proper place, and moved for leave to file the same in this court as a substitute for the original undertaking. These motions were all heard and disposed of together, and, as the questions of practice are of some importance, it has been deemed best to place on file a brief opinion stating the reasons for the action taken.

1. Under well-established rules of this court, the appeal is subject to dismissal, because there is nothing in the return to show upon what papers the order appealed from was based. The statute (R. S. 1878, sec. 3050) requires the clerk to transmit the original papers used by each party upon the motion (or copies thereof, if ordered by the trial court), and to certify that they are the original papers, or copies, as the case may be. Sec. 6, Rule XI, of the circuit court rules, requires that an order refer to all records and papers used or read by either party upon the application. Neither of these requirements has been complied with in the present case, and we cannot ascertain from the record what particular papers in the mass returned were used upon the motion. Under such circumstances, the appeal will ordinarily be dismissed. *Glover v. Wells & M. Grain Co.* 93 Wis. 13; *Hoffman & B. Mfg. Co. v. Burdick,* 95 Wis. 342.

2. In order to obtain a continuance of the temporary restraining order pending the appeal, under sec. 3061, R. S. 1878, the trial judge required an undertaking in the sum of $10,000, conditioned for the payment of all costs and damages which might be awarded on the appeal, and all which might be sustained by reason of the continuance of the injunction. The undertaking given left out the penal sum entirely, and was thus probably insufficient to warrant the continuance of the temporary injunctional order. It affirmatively appears, however, by the affidavit of Mr. Lewis, that this omission resulted from accident or mistake in the hurried drawing of the papers. It is not a case where by design no undertaking was given, as in *Tyson v. Tyson,* 94 Wis. 225, and where the application to remedy the difficulty must be made to the trial court, but rather a case where there was an accidental omission to do an act necessary to obtain a stay of proceedings, and where, by the terms of sec. 3068, R. S. 1878, the omission may be cured upon motion in this court. This difficulty may therefore be remedied by this court.

3. It seems to have been considered by the trial court that upon the giving of the undertaking in the sum of $10,000, as required under the provisions of sec. 3061, R. S. 1878, the plaintiff's right to a continuance of the injunction until the decision of the appeal became absolute and irrevocable. Reference to the statute shows, however, that this is an erroneous idea.   The section provides that upon the giving of the required undertaking the injunction before granted may be continued until the decision of the appeal, "*unless* the respondent shall at any time pending the appeal give an undertaking with sufficient surety in a sum to be fixed by such court or judge to abide and perform any final judgment that may be rendered in favor of such appellant in the action."   This provision grants the respondents a very valuable right, and one which should have been recognized and provided for in the order.   It seems to have been omitted by inadvertence, and, as the entire matter is now here upon appeal, we see no reason why this court may not, in the exercise of its appellate jurisdiction, grant the respondents the privilege preserved to them by statute,— especially as this proceeding is not one upon which the appeal itself in any way depends.

In view of the importance of the questions apparently involved in this appeal to the citizens of *Madison*, and also of the fact that seasonable application has been made to perfect the appeal and the return, we have concluded not to dismiss the appeal peremptorily, but to allow opportunity for the proper corrections to be made, and have therefore ordered that the appeal be dismissed *unless* within twenty days the appellant pay respondents $25 costs, and procure and file in this court a supplemental certificate, and return, under sec. 3050, R. S. 1878, showing that the papers and records returned are the papers which were used on the hearing of the motion; leave being granted to withdraw the record for that purpose.   In case such supplemental return is made, the additional undertaking presented by

appellant may be filed in this court with the same effect as if filed in the trial court, unless the respondents within twenty days file in this court an undertaking, conditioned as provided by the last clause of sec. 3061, R. S. 1878, in the sum of $10,000, with two sufficient sureties, to be approved by one of the justices of this court, in which case the order continuing the injunction pending the appeal shall be vacated.

*By the Court.*— Ordered accordingly.