Superior Consolidated Land Co. vs. The City of Superior.

SUPERIOR CONSOLIDATED LAND COMPANY, Respondent, vs.
THE CITY OF SUPERIOR, Intervener, Appellant.

*October 23 — November 7, 1899.*

*Appeal: Jurisdiction: Return.*

The supreme court acquires no jurisdiction of an appeal from an
order if the return thereon fails in material particulars to comply
with sec. 3050, Stats. 1898; as where the original of an essential
paper is not included in the return and it does not appear that the
court directed a copy to be substituted, and it does not appear,
either from the clerk's certificate or from recitals in the order in
connection with the papers transmitted, that the return contains
the papers used by each party on the application for the order.

APPEAL from an order of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge. *Appeal dismissed.*

The action was brought against the defendant county to
set aside taxes returned delinquent by the city treasurer of
the city of *Superior.* Such city, upon a petition setting
forth its interest in the litigation, asked to be made a party
defendant in order to answer the complaint and protect
such interest. The motion was denied, and the city ap-
pealed. The return on the appeal does not contain the orig-
inal complaint. The clerk's certificate is to the effect that
the papers returned are all the papers involved in the ap-
peal.

*T. L. McIntosh,* for the appellant.

For the respondent there was a brief by *A. L. Sanborn,*
attorney, and *Catlin, Butler & Lyons* and *S. L. Perrin,* of
counsel, and a brief on the motion to dismiss by *A. L. San-
born,* and the cause was argued orally by *Mr. Sanborn.*

MARSHALL, J.    The appeal must be dismissed for want of
a proper return.    Sec. 3050, Stats. 1898, provides that on an
appeal from an order the clerk shall transmit to the supreme

court, in addition to such order, the original papers used by each party on the application therefor, and, annexed thereto, a certificate under his hand and the seal of the court that they are the original papers or copies, as the case may be, and that they are transmitted pursuant to the appeal. The section further provides that copies of papers may be transmitted instead of the originals, by special direction of the court. The return before us fails to comply with the requirements indicated in several material particulars. The original complaint is not in the return, nor does it appear that the court directed a copy to be transmitted in place of such original. It does not appear, either from the clerk's certificate or from recitals in the order appealed from in connection with the papers transmitted, that the return contains the papers used by each party on the application for the order. Such defects are fatal to the jurisdiction of the court to entertain the appeal. *Flanders v. Sherman,* 19 Wis. 178; *Carpenter v. Shepardson,* 43 Wis. 406; *Glover v. Wells & M. G. Co.* 93 Wis. 13; *Hoffman & B. Mfg. Co. v. Burdick,* 95 Wis. 342; *Tenney v. Madison,* 99 Wis. 539.

*By the Court.*— The appeal is dismissed.