Ryan vs. Philippi.

RYAN, Administrator, Respondent, vs. PHILIPPI, imp., Appellant.

*October 15 — December 7, 1900.*

*Appeal from order: Defective return: Dismissal.*

Where an order of the circuit court does not (as required by Circuit Court Rule XI, sec. 6) refer to the papers on which it was based, and the clerk's certificate to the return on an appeal therefrom does not show that he has sent to this court the papers used on the motion, the appeal must be dismissed.

APPEAL from an order of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Appeal dismissed.*

Appeal from an order refusing to set aside a judgment as to appellant, the judgment having been rendered against him and two other persons as partners. The order appealed from does not refer to the papers on which it was based, nor the returns of the clerk to this court show the papers upon which the motion was heard. The returns are three in number. The ones that contain papers relied upon to show want of jurisdiction to enter the judgment are simply to the effect that they contain all the original papers on file in the action.

For the appellant there were briefs by *Frame & Blackstone,* and oral argument by *A. L. Blackstone.*

For the respondent there was a brief by *Ryan & Merton,* and oral argument by *E. Merton.*

The following opinion was filed October 30, 1900:

MARSHALL, J. The appeal must be dismissed. Sec. 3050, Stats. 1898, requires the return, on appeal from an order, to contain the order appealed from and the original papers, or copies thereof, used by either party on the application therefor; and sec. 6, rule XI, of the circuit court rules, requires an order to refer to all records and papers used or read by either party upon the application therefor. The last requisite was not complied with, but that is not jurisdictional if it was not for the fact that the clerk's certificate does not show that he has sent to this court the papers used upon the motion. The papers sent up being affected by both infirmities mentioned, it is impossible to tell what the order appealed from is based upon. That is jurisdictional,— so decided in *Glover v. Wells & Mulrooney G. Co.* 93 Wis. 13; *Hoffman & Billings Mfg. Co. v. Burdick,* 95 Wis. 342; *Tenney v. Madison,* 99 Wis. 539; *Superior C. L. Co. v. Superior,* 104 Wis. 463.

*By the Court.*— The appeal is dismissed.

A motion for a rehearing was denied December 7, 1900.