GARVIN, Appellant, vs. CROWLEY, imp., Respondent.

*January 13—February 3, 1903.*

*Appeal and error: Record: Attorney and client: Contract of employment: Rights of attorney: Stipulations: Discontinuance of action: Appeal and error: Material error: Practice.*

1. Sec. 3050, Stats. 1898, requires, on appeal to the supreme court from an order, that the return identify the papers transmitted with those upon which the motion was heard, and certify that the transmitted papers are all of such papers, which may be done, either by recital in the order appealed from, or by the certificate of the clerk attached to the papers. Said section also requires, on appeal from a judgment, that the return contain the record (consisting of the judgment roll, and bill of exceptions, if any), and be accompanied by the certificate of the clerk that the papers transmitted are the originals or copies thereof,

and are transmitted pursuant to the appeal. Sec. 3070, Stats. 1898, provides that all intermediate orders involving the merits and necessarily affecting the judgment, and all orders appearing on the face of the record, may, on appeal from the judgment, be reviewed without any exceptions having been taken thereto. On a motion to dismiss an appeal it appeared that the appeal was from a judgment; that the notice of appeal was in the usual form and perfect in every respect; that the return contained the judgment roll, properly certified, and that the judgment, by appropriate recitals, referred to the papers and proceedings on which it was based, which were all transmitted. *Held*, that a motion to dismiss for insufficiency of the notice of appeal and return should be denied.

2. A defendant in an action on a promissory note contracted with his attorney that the latter should receive, as fees for defending the action, the costs taxable in favor of the defendant, if successful. Thereafter plaintiff's attorney, with knowledge of such arrangement, prepared a written stipulation for discontinuance of the action as to such defendant without costs, and, in the absence of defendant's attorney, procured defendant to sign it. Afterwards defendant moved to set aside the order entered thereon discontinuing the action as to him, alleging that he did not understand the effect of the paper, and that he was prevented from so doing by the wrongful conduct of plaintiff's attorney. It appeared that defendant was a man of ordinary common sense, could read and understand plain English words, and had ample opportunity to read the stipulation before he signed it. *Held*, that it was error to hold that the stipulation was obtained by fraud, and to set aside the judgment based thereon.

3. Where an attorney agreed to defend an action, and receive therefor the costs taxable to his client, if successful, such agreement does not give the attorney a lien, either legal or equitable in character, upon the mere right of his client to defend against plaintiff's cause of action, precluding the defendant from settling the litigation independently of his attorney.

4. After issue joined by defendant's answer, on stipulation signed by defendant, an order was entered discontinuing the action, as to him, without costs. Afterwards, on application to set aside such discontinuance, and for judgment dismissing the complaint as to such defendant, with costs, the court granted the motion. *Held*, that even if the motion to set aside the order discontinuing the action was proper, it was error to enter a judgment dismissing the action with costs against plaintiff without a trial of the issues raised by such answer.

5. In such case, judgment having been entered before the motion was made, on setting aside the order discontinuing the action, the appropriate relief to have been granted, if any, was a modification of such judgment so as to include a recovery for costs, or the granting of a motion dismissing the action as to defendant with motion costs in his favor, and not the entry of a second judgment.

APPEAL from a judgment of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

This action was commenced against defendant *Crowley* and others to recover on a promissory note. A judgment was rendered against such others by default for the amount claimed. *Crowley* answered, claiming that what purported to be his signature was a forgery. Prior to the judgment mentioned, upon a stipulation signed by *Crowley* in person, in the absence of and without the knowledge of his attorney, an order was entered dismissing the action as to him without costs. Subsequently plaintiff was ordered to show cause before the court why such stipulation and order should not be set aside and a judgment be rendered in *Crowley's* favor dismissing the complaint as to him, with costs in his favor against the plaintiff. The order to show cause was based upon two affidavits, one by *Crowley* and the other by his attorney. *Crowley's* affidavit was to the effect that November 12, 1901, at plaintiff's request, he called on Charles D. Smith, plaintiff's attorney, at his office, and was there informed by such attorney that it was desired to release him from the note, and to effect that it was necessary for him to sign a paper there exhibited, the paper later to be presented to the circuit judge; that he asked for time to submit the paper to his attorney, but the request was refused, plaintiff's attorney assuring him that all proceedings were fair, and pressing him earnestly to sign the paper; that he finally complied with such request; that a contract then existed between him and his attorney entitling the latter to compensation for his services in the main by such costs as he might recover in defendants'

favor in the action; that he was made to believe by plaintiff's attorney that it was for his interest and that it was his duty to sign the paper; that he did not understand his rights in the matter, or the effect of the paper, or he would not have signed it; that the purpose of plaintiff and his attorney in obtaining defendant's signature to the paper was to cheat his attorney out of the compensation agreed upon for his services. The affidavit of his attorney, Mr. Doyle, was to the effect that under his contract to serve defendant in the case he was limited for compensation, in the main, to such costs as defendant might recover of plaintiff; that when the stipulation was signed plaintiff's attorney knew of such contract; that upon being informed of the stipulation, he, with his client, visited plaintiff's attorney, and requested such attorney to show him the stipulation, and was informed that it was on file; that such attorney imposed upon *Mr. Crowley* in obtaining the stipulation.

Upon the hearing of the order to show cause, two opposing affidavits were read. One of them was by plaintiff's attorney and was to the effect that *Crowley* signed the stipulation with full opportunity for knowing its contents and a full understanding of its import, and without either plaintiff or his attorney having any knowledge that the making of the stipulation would in any way violate any contract between *Crowley* and his attorney; that the latter asked for an opportunity to see the stipulation, and was informed that it was on file. The other affidavit was made by a person who was present at the time the stipulation was signed. It fully corroborated the affidavit made by appellant's attorney. The following is the language of the stipulation:

"It is hereby stipulated and agreed that an order may be entered in this action discontinuing the same against the defendant *John Crowley,* without costs to either party; and from all liability as indorser on the note in suit."

The court granted the motion. Judgment was rendered accordingly. It contained recitals referring to all the papers upon which the motion was heard, in such manner as to identify them. It also contained findings to the effect that the stipulation was fraudulently obtained with a design to prevent defendant's attorney from obtaining the compensation agreed upon between him and his client by means of a judgment for costs against the plaintiff, and that said defendant, on behalf of his attorney, was entitled to have the stipulation and the order based thereon set aside, and to have a judgment rendered against plaintiff in *Crowley's* favor dismissing the complaint as to him with costs. The costs were taxed and inserted in the judgment, the amount thereof being $32. Plaintiff appealed.

For the appellant the cause was submitted on the brief of *Charles D. Smith.*

*T. L. Doyle,* for the respondent.

MARSHALL, J. Respondent's counsel moved the court to dismiss the appeal for insufficiency of the notice of appeal and return to this court. We are unable to discover sufficient merit in the motion to warrant treating the matter at length. The notice of appeal is in the usual form and perfect in every respect. The return is likewise free from defects. Counsel seems to have confused decisions of this court on appeals from orders with those on appeals from judgments like this. Respecting the former, the return is required to identify the papers transmitted as those upon which the motion was heard, and to show that they are all of such papers, which may be done by the certificate of the clerk or the order appealed from. Sec. 3050, Stats. 1898; *Glover v. Wells & M. G. Co.* 93 Wis. 13, 66 N. W. 799; *Hoffman & Billings Mfg. Co. v. Burdick,* 95 Wis. 342, 70 N. W. 470; *Tenney v. Madison,* 99 Wis. 539, 75 N. W. 979; *Superior Consolidated L. Co. v. Superior,* 104 Wis. 463, 80 N. W. 739; *Ryan v. Philippi,* 108 Wis. 254, 83

N. W. 1103. As to the latter the statute requires the return to contain the record, which, when there is no bill of exceptions, consists of the judgment roll. Sec. 3050, Stats. 1898. In determining the appeal, all intermediate orders involving the merits and necessarily affecting the judgment, and all orders appearing upon the face of the record (the judgment roll), may be reviewed without any exceptions having been taken thereto. Sec. 3070, Id. The certificate of the clerk to the return is required to be to the effect that the papers transmitted are the originals or copies thereof, and are transmitted pursuant to the appeal. Sec. 3050, Id. The certificate of the clerk here substantially complies with that. It is annexed to the notice of appeal as the statute requires. It states that such papers are the originals and are all the papers that have been filed in the clerk's office, and are transmitted to the clerk of the supreme court "pursuant to the annexed notice." If the return were to be tested by the jurisdictional essentials of an appeal from an order, it would be sufficient, because the judgment, by appropriate recitals, refers to the papers and proceedings upon which it is based, and they were all transmitted. Testing it, as it must be, by the jurisdictional essentials of an appeal from a judgment, there is no defect, as the judgment roll is here with a proper certificate identifying it. Testing it as to whether the alleged errors appear on the face of the record, it is sufficient.

Coming down to the merits of the appeal, we are at a loss to understand upon what principle of law the court reached the conclusion that appellant's attorney obtained the stipulation by fraud, permitting discontinuance of the action without costs. We must assume that reference was made to something more than mere deception; that the learned judge supposed he discovered, in the proof submitted to him, facts constituting a violation of legal rights, accomplished by deception practiced upon the defendant without such fault upon his part as to preclude the court from granting him relief. In

that the court must have relied upon respondent's mere statement that he did not understand the stipulation and that he
was prevented from doing so by the wrongful conduct of
plaintiff's attorney.    We are unable to see any legitimate
foundation for that.    It must be assumed, nothing appearing
to the contrary, that respondent was a man of ordinary common sense, and could read and understand simple, plain English words.    He had ample opportunity to read the stipulation, and there is enough in his affidavit to indicate that he
did so.    Certainly, there is nothing in the moving papers to
indicate that he was dissuaded from doing so by appellant's
attorney.    The language of the stipulation could not reasonably convey any other meaning to a person of mature years
and common understanding than that it cut off all opportunity of respondent to recover a judgment for costs; that it
practically terminated his connection with and interest in the
litigation.    His statement that he did not understand its effect
is not entitled to a moment's consideration, even if there were
proof that the design of appellant's attorney was to obtain the
stipulation without respondent's knowing its effect.    The law
on that subject is too plain to warrant taking time to discuss
it.    However, there is not a word in respondent's affidavit
showing that the effect of the paper was misrepresented to
him by plaintiff's attorney.    The most that is claimed is that
the latter said, in effect, that the paper operated to release
respondent from all liability on the note and that it was fair,
and that there was no necessity for him to exhibit the paper
to his attorney.    All that was true from a legal standpoint.
Respondent had a legal right to sign the paper and drop out
of the case without consulting his attorney.    The latter had
no right which the court could recognize, to prolong the litigation merely for the purpose of recovering a judgment for costs
in his client's favor if such client desired to drop out of the
case, regardless of his motive in the matter.    If the court considered that it was a fraud upon respondent that could be

dealt with judicially, for appellant to secure a plainly worded stipulation from him in the absence of his attorney, merely because of such absence and the respondent's claim, without any reasonable ground to support it, that he did not understand the paper, was clearly wrong.

The finding that the stipulation was a fraud upon respondent's attorney because of his contract limiting his compensation in the action, in the main, to such costs as he might secure in respondent's favor against appellant, is not supported by the legal principle which we apprehend the circuit court supposed ruled the matter, namely, that an attorney in an action has such an interest in the cause of action or claim involved, there being an agreement between him and his client, known to the opposite party, entitling him to compensation for his services out of the amount recovered, that if a settlement be made between the parties for the purpose of preventing such attorney from enjoying the benefit of his contract, it may be set aside and the attorney permitted to prosecute the cause of action to the extent of recovering enough to compensate him for his services. *Courtney v. McGavock*, 23 Wis. 619. That applies only where there is a claim or cause of action upon which a recovery can be had independently of a mere judgment for costs. It has no reference whatever to a mere defense. The idea that an attorney can acquire a lien of either a legal or an equitable character upon the mere right of his client to defend against the claim or cause of action of the plaintiff, precluding the parties from settling the litigation independently of him, regardless of their motives therefor, is without support in principle or authority, so far as we are aware.

If it were not for what has been said the judgment would have to be reversed for the following reasons: (1) The furthest the court could properly have gone on the motion, even if the rule which the circuit judge had in mind applied to the case, was to have vacated the stipulation and order dis-

missing the action, leaving the case to stand against respondents as it was before the stipulation was made. To follow that without a trial of the issue raised by the answer to the complaint, by arbitrarily entering a judgment dismissing the complaint with costs against the plaintiff, was entirely wrong. (2) There having been one judgment entered in the action, a second judgment was improper. Except in situations provided for by section 2883, Stats. 1898, not including such a one as that before us, all the issues in every action must be closed by a single judgment. *Sellers v. Union L. Co.* 36 Wis. 398; *Scott v. Reese,* 38 Wis. 636; *Singer v. Heller,* 40 Wis. 544; *Treat v. Hiles,* 75 Wis. 265, 44 N. W. 1088; *Sherman v. Menominee R. L. Co.* 77 Wis. 23, 45 N. W. 1079; *Gage v. Allen,* 84 Wis. 330, 54 N. W. 627; *Trustees of St. Clara Female Academy v. Delaware Ins. Co.* 93 Wis. 57, 66 N. W. 1140; *Hyde v. German Nat. Bank,* 96 Wis. 406, 71 N. W. 659. The relief to which respondent would have been entitled, and the form of it, under any circumstances, in view of the fact that a judgment had been entered in the case, was a modification of such judgment so as to include a recovery by respondent for costs, or the granting of a motion dismissing the action as to him with motion costs in his favor.

*By the Court.*—The judgment of the circuit court is reversed.